Alfonzo Smiley was indicted for attempted rape in violation of § 13A-4-2, Code of Alabama 1975. The jury found the appellant guilty "as charged in the indictment" and the trial judge sentenced him to six years' imprisonment in the penitentiary.
Angela Crook testified she was employed at the Depot Lounge in Smithfield on November *Page 204 
21, 1980. She had been working there for about two weeks and her usual hours were from 5:00 p.m. until 2:00 a.m. When she got off work, she would walk to her uncle's house and he would take her home. Her uncle's house was approximately two blocks from the lounge and the walk usually took her about thirty minutes.
On this particular night, Crook left work at 1:00 a.m. and began walking to her uncle's house. She had on dungarees and a short-sleeved blouse.
When she was approximately one block away from her uncle's house, a cab passed by. There were three people in the cab and she waved at the cab driver, James Perkins. She knew Perkins from the lounge as "Bear" and he often passed her at night as she walked to her uncle's house.
Crook heard someone yell "Red" but she did not pay any attention. After the cab passed her, it turned around and came back to her. At this point the appellant jumped out of the car and told her to get in the cab. She continued walking until the appellant touched her shoulder and turned her around. Crook pushed the appellant, a struggle ensued and the appellant slapped her three times. The appellant then put a knife to her side and said, "Bitch, I told you to get in the car." (R. 23). He started pushing her toward the car and the other black male helped the appellant get her in the car.
Crook was in the back seat between the two men and they began driving around. The appellant put his hand on her breast and attempted to remove her pants. She kept telling them to stop but they did not. The two men in the back seat tore her shirt, pulled off the buttons on her blouse and jeans and messed up the zipper on her pants.
After driving around for approximately thirty or forty minutes, they returned to the place where Crook had been picked up and the struggle continued for fifteen more minutes. The knife was on Crook the entire time she was in the cab.
At some point, the door to the cab opened. Crook pushed the appellant, got out of the cab and began to run. Perkins told her to call the police.
Crook ran back to the lounge and called the police. Officers George Herring and Jeffrey Bramer responded to this call at the Depot Lounge. When they arrived, they saw Crook and her blouse was torn. She was giving them a description of the three individuals when the cab drove by. The police officers, along with Crook, pursued the cab and stopped it. Crook identified the three men in the cab as those who picked her up earlier that night.
Aaron Foster testified he is Crook's uncle. On November 21, 1980, someone came to his house and he went to the lounge to pick up Crook. When he got to the lounge, Crook's blouse was torn and she seemed upset.
He also testified he did not take his niece home every night and had done it approximately five times since she had been working at the lounge.
 I
The appellant contends reversible error was committed when the trial court failed to charge the jury on the possible lesser included offense of assault.
When defense counsel believes the court's oral charge is not complete, he must request written charges covering any missing principles of law. Bateman v. State, 408 So.2d 194 (Ala.Cr.App. 1981). § 12-16-13, Code of Alabama 1975 states: "Charges moved for by either party must be in writing . . ." From our examination of the record, we cannot find that appellant submitted a written requested charge on assault. Due to this failure, it was not error for the trial court to refuse to charge the jury on the alleged lesser included offense of assault. Bateman v. State, supra.
In this case, defense counsel did orally except to the trial court's failure to charge on assault. However, an oral exception is pertinent only to the statements of law made by the trial judge in the oral charge and not to those omitted.Bateman v. *Page 205 State, supra. "[T]he remedy for supplying a pertinent principle of law omitted from the trial court's oral charge is to submit a written charge which supplies the omitted charge." (Citations omitted). Craft v. State, 402 So.2d 1135 (Ala.Cr.App. 1981).
The record does not reveal a written requested charge on assault and, therefore, no error was preserved for our review.
This court therefore pretermits consideration of whether assault was a lesser included offense of attempted rape in this particular case.
 II
The appellant asserts reversible error occurred when the trial judge admitted the juvenile and arrest records of the appellant during the sentencing process.
This court has recognized that a trial court can consider juvenile records during the sentence process. See Bowens v.State, 54 Ala. App. 491, 309 So.2d 844 (1974); Scopolites v.State, 50 Ala. App. 115, 277 So.2d 389 (1973).
We wholeheartedly agree with the reasoning articulated on this issue by the United States Court of Appeals in UnitedStates ex rel. Jackson v. Myers, 374 F.2d 707 (U.S.C.A. 3d Cir., 1967) which states:
 "Nothing in the Constitution prevents a sentencing judge from considering a defendant's juvenile record qua a juvenile record. A judge is permitted, if not obliged, to give weight to a wide variety of factors, including many not officially documented, which reflect upon the rehabilitative needs of the defendant and the insulative needs of society. In particular, a juvenile record may, as in this case, convey instructive evidence of the defendant's probable response to remedial efforts. So long as a judge considers such a record in its proper prospective — i.e., as a reference to non-criminal proceedings where no counsel was required and where the purpose was not penal but curative — there can be no ground for complaint." (Footnotes omitted).
We can find nothing in the record which indicates the trial judge improperly considered the juvenile record of the appellant and therefore, no error to reversal can be had on this ground.
In Godfrey v. State, 383 So.2d 575 (Ala.Cr.App. 1980), this court stated that during sentencing, a trial judge may properly consider the arrest record of a defendant as long as the trial judge was not under the mistaken belief that the arrests contained in the record were actual convictions.
It is obvious from our review of the pertinent part of the record, as set out below, that the trial judge was not under any erroneous belief that the prior arrests of this appellant were actual convictions.
 "MRS. LACEY: Excuse me, Tom, Your Honor, if the Court please, we are going to object to the State going into any other instances in time where an officer has seen my client, Alfonzo Smiley. The State has got the right to show prior convictions, as I understand it, at this sentencing hearing.
"THE COURT: That's all they are going to show.
 "MR. SOWA: Your Honor, in the case of Godby versus State, Alabama Criminal Apps. 383 Southern Second, 575, it says: `In sentencing Defendant trial Judge's consideration of prior arrests of the Defendant', he may do that as long as he realizes that they are simply arrests. All we wish to do —
 "THE COURT: Yeah, arrests don't mean anything unless you have a conviction.
 "MR. SOWA: Well, they do, you can consider them. They say that you can consider them.
 "MRS. LACEY: If the Court please, I could be arrested today and the case dismissed. And I don't see what bearing that would have on the sentencing in this case here.
 "THE COURT: That's right. Well, go ahead. Do you have any other —
 "MR. SOWA: Well, going into this case, you can consider them and they can go as far as sentencing. And we would ask the Court to take into consideration this arrest. *Page 206 
And we would like to bring out the facts on it.
"THE COURT: Well, go ahead." (R 202-203).
Therefore, no error was committed by the trial judge when he considered the prior arrest record of the appellant.
The appellant further alleges that the trial judge improperly considered hearsay evidence during the sentence hearing. However, this is not improper so long as the appellant had a fair opportunity to rebut any hearsay statements. See Johnsonv. State, 399 So.2d 859 (Ala.Cr.App. 1979). The record indicates that he did.
The appellant was sentenced to six years in the penitentiary and he claims this was excessive. Attempted rape is a Class B felony and § 13A-5-6 (a)(2), Code of Alabama 1975, authorizes a sentence of between two and twenty years' imprisonment upon conviction for the commission of a Class B felony. The sentence imposed by the trial judge in this case was well within the limits of punishment authorized by the Code and thus, we cannot hold same to be excessive.
 III
The appellant claims the trial judge committed reversible error when he denied the appellant's motion for a new trial and denied him a hearing on the motion.
The appellant in the motion for a new trial did not assert any new matters that had not been addressed at trial nor did he bring out any newly discovered evidence. The decision on whether to grant or deny a motion for a new trial rests within the sound discretion of the trial judge. Woodard v. State,401 So.2d 300 (Ala.Cr.App. 1981). This court will indulge every presumption in favor of the correctness of the trial judge's decision and will not review this unless there has been abuse of that discretion. Watson v. State, 389 So.2d 961 (Ala.Cr.App. 1980). We can find none here.
Furthermore, we can find no authority which states that a defendant is entitled to a hearing on a motion for a new trial, absent a special basis therefor.
 IV
The appellant asserts he was denied the right and opportunity to cross-examine the complaining witness concerning her prior sexual conduct with persons other than the appellant.
The Code addresses this issue directly. It states:
 "In any prosecution for criminal sexual conduct or for assault with intent to commit, attempt to commit or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness, as defined in subsection (a) of this section, shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or of other witnesses, except as otherwise provided in this section.
 "In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in subsection (d) of this section, finds that such past sexual behavior directly involved the participation of the accused."
(Emphasis added).
Alabama Code § 12-21-203 (b), (c).
The appellant cites Wooten v. State, 361 So.2d 1192
(Ala.Cr.App. 1978) as authority for the proposition that evidence that the complaining witness was a woman of chaste or unchaste character is competent evidence as bearing on the probability of consent.
However, there is no dispute as to consent in this case. Furthermore, this court in Wooten v. State, supra, noted that the above rule is limited by § 12-21-203, Code of Alabama 1975.Only evidence relating to the past sexual behavior of the complaining witness to that directly involving the participation of the defendant is admissible. Evidence of sexual activity between the complaining witness and third persons is immaterial and irrelevant. See *Page 207 Hollis v. State, 380 So.2d 409 (Ala.Cr.App. 1980).
Therefore, the trial judge correctly restricted the cross-examination of the complaining witness by this appellant.
The appellant further alleges reversible error was committed when the prosecutor remarked during the closing argument that the complaining witness was of good character. The pertinent part of the record is as follows:
 "MS. BARCLAY: And it said when a girl, high school graduate now, we are not talking about somebody that flunked out of school or got kicked out of school, we are talking about someone with an absolutely clean and spotless record.
"MRS. LACEY: Objection, Your Honor.
"MS. BARCLAY: Absolutely clean and —
 "MRS. LACEY: Objection, Your Honor. May I state my objection?
 "THE COURT: All right. Wait just a minute, Ms. Barclay.
 "MRS. LACEY: Your Honor, I would like to object to the last statement by Ms. Barclay indicating the prior criminal record, if any, of the alleged victim in this case, Angela Crook, and would like to point out to His Honor the specific instructions I was given outside the presence of the jury. And I will not elaborate on them in front of this jury. But I would ask that if Ms. Barclay is going into that I might be given an opportunity to go into what I was specifically instructed not to go into in front of this jury.
 "THE COURT: All right. Members of the jury, just rely on the evidence that you have heard in this case." (R. 188).
From a review of the record we do not believe the prosecutor's remarks prejudiced this appellant.
Furthermore, any negative implications resulting from the allegedly improper remarks were eradicated when the trial court promptly instructed the jury to consider only the evidence from the witness stand. See Meredith v. State, 370 So.2d 1075
(Ala.Cr.App. 1979).
Therefore, for the reasons stated above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.