TYSON, Judge.
Trent O’Neal Townsend was indicted for two counts of robbery in the first degree and one count of theft in the first degree. The jury found the appellant guilty on all three counts and he was sentenced as a habitual offender to two terms of life imprisonment without parole (on the robbery offenses) and one term of life imprisonment (on the theft offense).
On the evening of October 24, 1983, Bob Thrasher, his wife, Christine, his son Ronald, and Tracy Parr were at the Thrasher home eating supper. At approximately *1353 7:45 p.m., the appellant and Steve Murphy (both men were escapees at the time) went to the Thrasher home, allegedly for the purpose of getting some money that Bob Thrasher owed Murphy. When they arrived, they knocked on the door and Bob Thrasher answered the door. Thrasher knew both the appellant and Murphy because they had been frequent customers in a store where Thrasher worked.
The appellant asked to borrow a jack and Thrasher agreed to lend it. When Thrasher turned around to get his shoes, the appellant and Murphy pushed their way into the house. The appellant was armed with a sawed off shotgun and Murphy had a pistol. Both were pointed at Thrasher.
The appellant then asked Thrasher where the money was and Thrasher pointed to a bank bag. The appellant then took approximately $239.00 from the bank bag. At some point, Murphy asked the appellant if he could shoot Thrasher and the appellant replied, “No, Murph, I told you we came here to rob him, not kill him.” (R. 46). Murphy then took about $140.00 and some rings from Christine Thrasher’s purse. Then the appellant took a knife and cut the phone lines. Next, Ronald Thrasher showed the appellant where the family guns were located in the bedroom. The appellant checked all the guns to make sure they were unloaded and then returned to the other room. The appellant then gave his knife to Murphy and instructed him to slash the tires on the Thrasher car. When Murphy returned, the appellant told Thrasher to open the safe to the store. Thrasher replied that he did not know the combination to the safe. The appellant then asked for the keys to Thrasher’s truck and Thrasher gave them to him. Murphy then took Thrasher’s billfold and the two went out the door.
As they were leaving the appellant said, “Do not call the law for one hour, or we’ll come back after you. By the way, you’ll be seeing the sheriff tonight and you tell him I’ve got a machine gun waiting for him.” (R. 53). The appellant and Murphy got in the truck and drove it to where their car was parked and left.
I
The appellant makes several objections to the court's oral charge to the jury. First, the appellant contends the trial judge should have instructed the jury on the lesser included offenses of robbery in the second and third degrees.
When defense counsel believes the court’s oral charge is not complete, he must request written charges covering any missing principles of law. Bateman v. State, 408 So.2d 194 (Ala.Crim.App.1981).” Smiley v. State, 435 So.2d 202 (Ala.Crim.App.1983). In the case at bar, the appellant failed to submit written requested charges on the offenses of robbery in the second and third degrees. Therefore, the appellant did not preserve this issue for our review and it is unnecessary to determine whether robbery in the second and third degrees are lesser included offenses of robbery in the first degree in this particular case.
Secondly, the appellant asserts the trial judge erred by refusing several of his requested jury charges.
“No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete or otherwise improper oral charge, unless he objects thereto, before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection." Rule 14, Alabama Temporary Rules of Criminal Procedure. (Emphasis added).
At the end of the court’s oral charge, defense counsel stated: “The defendant excepts to the denial of certain written jury charges submitted to the court by defendant's attorney.” (R. 177). Although defense counsel made a general objection to the trial court’s refusal to charge on certain of his written requested charges, he did not specifically delineate to the trial court which charges he believed *1354 the trial court should have given or the reasons therefor.
Accordingly, the appellant cannot claim error by the trial court’s failure to give those written requested instructions.
II
The appellant asserts that the trial court erred by refusing to grant his motion for judgment of acquittal and his motion for new trial. The basis for the appellant’s argument is that, although he did participate in the robbery, his shotgun was not loaded and, therefore, he should not have been convicted of first degree robbery. Both the appellant and Murphy testified at trial that the appellant’s shotgun was unloaded.
While the appellant’s argument is valid, we find it unnecessary to discuss this issue because the appellant’s conviction for first degree robbery can be sustained on two other grounds.
Section 13A-8-41, Code of Alabama 1975 states:
“(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 [1] and he:
“(1) Is armed with a deadly weapon or dangerous instrument; or “(2) Causes serious physical injury to another.
“(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.”
The evidence was uncontradicted at trial that the appellant used a knife during the commission of the robbery. In Johnson v. State, 406 So.2d 451 (Ala.Crim.App.1981), this court, affirmed the defendant’s conviction for first degree robbery because the knife defendant used to cut a telephone cord was determined to be a “deadly weapon”. The act of cutting the telephone cord “... evinces its deadly capacity if and when used to kill.” Johnson, supra at 453.
The evidence of the appellant’s possession of the knife and his act of cutting the telephone wires with the knife was sufficient to prove the appellant was armed with a deadly weapon and, therefore, he was properly convicted of first degree robbery.
Moreover, Murphy testified that his pistol was loaded during the robbery and the appellant was aware of this fact. The pistol carried by Murphy is a deadly weapon as defined by § 13A-1-2(11), Code of Alabama 1975. Even if we had found the appellant to have been unarmed during the robbery, his conviction still would have been valid on the basis of aiding and abetting Murphy in the robbery. Section 13A-2-23 states: “A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense: (2) He aids or abets such other person in committing the offense; ...”
It is quite clear from the evidence that the appellant aided and abetted Murphy in the commission of the robbery. In fact, the appellant did most of the talking during the robbery. Since Murphy was armed with a deadly weapon during the robbery and the appellant aided and abetted Murphy during the robbery, the appellant is equally liable for the offense of first degree robbery.
The appellant maintains he did not know Murphy’s pistol was loaded during the robbery. This was a question for the *1355 jury to determine, which they properly resolved.
From our examination of the record, there is no doubt that the appellant’s convictions on two counts of robbery and one count of theft were proper.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.

. "§ 13A-8-43. Robbery in the third degree.
(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”