TYSON, Judge.
Eddie Lee Foster was indicted for robbery in the first degree (in violation of § 13A-8-41, Code of Alabama 1975), rape in the first degree (in violation of § 13A-6-61, Code of Alabama 1975), sodomy in the first degree (in violation of § 13A-6-63, Code of Alabama 1975), and kidnapping in the first degree (in violation of § 13A-6-43, Code of Alabama 1975). The appellant was found guilty of all of these charges and received a life sentence in each case with the sentences to run concurrently.
Charlene Jones testified that, during the early morning hours of August 15, 1984, she left the Moon Glow Club in Montgomery, Alabama. As she was walking home, the appellant, whom she had seen at the Moon Glow, pulled beside her in a brown Ford and asked her if she wanted a ride home. When Jones replied that she did not, the appellant jumped out of the car and forced her into the car with a knife. He then drove to a parking lot behind a church on Cleveland Avenue. There, he forced Jones, at knifepoint, to perform oral sex on him and to have intercourse with him. Then, the appellant took money, food stamps, and jewelry from Jones’ purse. When the appellant asked for her rings, Jones hit him and ran from the car. She went to a house near the church and the residents of the house called the police.
Jones went to the hospital that day where a rape examination was performed. William Landrum, a serologist with the Department of Forensic Sciences, examined the vaginal smear and vaginal swab taken during the rape examination. The examination of the vaginal smear revealed the presence of spermatozoa and the vaginal swab tested positive for semen. No secreter substances were found on the smear or the swab. This fact caused Landrum to believe that the person Jones had sex with was likely a non-secreter. Jones and the appellant are both non-secreters as is approximately twenty-five percent of the general population.
Some time in the early part of 1985, Jones saw the appellant driving down Adeline Street in Montgomery. Then she saw him standing in a yard on Adeline Street. Jones and her boyfriend then went to the house where they saw the appellant and talked to a woman who was the appellant’s wife. She gave them the appellant’s name. Jones then gave the police the appellant’s name and address and he was arrested.
I
The first two issues raised by the appellant concern Jones’ identification of him. The appellant contends his motion to suppress and his motion for new trial should have been granted because Jones’ in-court identification was based on imper-missibly suggestive out-of-court procedures and her identification of the appellant was uncertain.
Soon after this attack on Jones, she gave the police a detailed description of her attacker, including the fact that he had a scar on the left side of his face and neck. After Jones gave the police the name and address of the man she believed was her attacker, Jones viewed eighteen photographs of black males who were similar in appearance. Jones immediately picked out the appellant’s photograph from the group. No suggestion was made to Jones as to which photograph, if any, she should choose. The appellant’s scar was not evident from the photograph.
Later, Jones also picked the appellant out of a live lineup of five similar-looking black males. She did not hesitate in her identification and no suggestions were made to her.
From these facts, we conclude that the pretrial identification procedures were not unnecessarily or impermissibly suggestive. Thus, the totality of circumstances test set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) need not be examined. Coleman v. State, 487 So.2d *477 1380 (Ala.Crim.App.), cert. denied, 487 So.2d 1380 (Ala.1986).
In July of 1985, Jones was again attacked by a man she “thought” was the appellant, although she did not get a good look at him. After she told the police about this attack, it was learned that the appellant was in jail at the time of the attack.
The fact that Jones mistakenly thought that the man who attacked her in July of 1985 was this appellant does not make her identification of the appellant as the man who raped, robbed, sodomized and kidnapped her in August of 1984 any less certain. Jones testified that she got a good, long look at the appellant the morning she was attacked by him. Jones’ in-court identification of the appellant was based upon her view of the appellant at the time the offenses took place. Thus, no error is shown by the trial court’s denial of the appellant’s motion to suppress and also for a new trial.
II
The appellant contends the trial judge incorrectly denied his motion for new trial without a hearing. The trial judge, in denying the motion for new trial, stated that all the matters complained of by the appellant in his motion were before the jury at trial except for one matter which would not have been admissible in any event (R. 272-273). Whether to grant or deny a motion for new trial rests within the sound discretion of the trial court. Vinzant v. State, 462 So.2d 1037 (Ala.Crim.App.1984). That discretion was not abused by refusing to hold a hearing on this motion for new trial.
With reference to the allegation that the District Attorney used his peremptory strikes in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) and Jackson v. State, 84-1112, Dec. 19, 1986 516 So.2d 768 (Ala.1986), such was not timely raised in this cause.
Counsel waited until after the jury was struck and this case was tried and asserts this issue for the first time on appeal.
This matter was never presented to the trial court.
Such may not now be asserted on appeal. United States v. Erwin, 793 F.2d 656 (5th Cir.), cert. denied, 479 U.S. 991, 107 S.Ct. 589, 93 L.Ed.2d 590 (1986), Williams v. State, 712 S.W.2d 835 (Tex.App.1986), Swain v. State, 504 So.2d 347 (Ala.Cr.App.1986).
The only reference to the jury makeup in this cause is the following colloquy which occurred at the time of sentencing, following inquiry by the trial judge:
“THE DEFENDANT: Yes, sir, Your Honor, but I would like to also say, if I may, that, Your Honor, I think it was totally unfair of them for my attorney and prosecutor to allow an all female jury in a case like that. I think it showed prejudice and bias on their part.” (Emphasis supplied.)
It is the opinion of this court that such a naked allegation wholly fails to make out a case of ineffective or inadequate representation of counsel within the meaning of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The reference above (R. 209) is to sexual and not racial makeup of the jury. We find no error.
For the reasons shown, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.