MADDOX, Justice.
Petitioner, Eddie Lee Foster, was convicted of rape, robbery, kidnapping, and sodomy. We find the statement of facts contained in the opinion of the Court of Criminal Appeals to be correct, and we here adopt it as our own. See, Foster v. State, 548 So.2d 475 (Ala.Crim.App.1987).
In his petition Foster raises three issues, all of which were raised in the court below: first, Foster contends that the pretrial identification procedures used in this case were unnecessarily suggestive; second, he contends that the victim’s “uncertainty” as to the identity of her attacker warranted a new trial; and, third, he contends that the trial court erred in denying his pro se motion for a new trial based on claims of improper jury selection and ineffective assistance of counsel.
We agree with the holding of the Court of Criminal Appeals with regard to the first two issues and as to Foster’s claim that the jury was selected in violation of the U.S. Supreme Court’s opinion in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
We turn then, to the issue of whether Foster should have been granted a hearing on his pro se motion for a new trial on the basis of ineffective assistance of counsel. Foster’s motion alleged that his counsel did not bring out at trial: 1) that the victim had a history of mental illness; and, 2) that the Montgomery warrant clerk’s office had posted a sign warning officers not to accept complaints from this prosecutrix because she had a history of making false complaints. Foster here claims that his attorney knew of, but did not call to the stand, witnesses who would have testified *479 that the victim was not competent to testify and that she had a history of swearing out false complaints. As grounds for a new trial, Foster asserted:
“1. Defendant contends that he has been denied a fair trial in that he has been denied the right to present material and relevant evidence in his defense at trial, to wit: the testimony of Dr. Prescott as to the victim’s sanity.
“2. Defendant contends that he has been deprived of his six[th] and fourteenth amendment right to competent counsel in the presentation of his defense to the prosecution in that the failure of counsel to secure the presence of Mr. Kemp (of the Warrant Clerk’s Office) and Dr. Prescott as defense witnesses under the circumstances of this case constitutes a denial of counsel....”
The trial judge issued an order denying the motion for a new trial that read:
“In denying the motion for new trial the Court notes that all of the matters complained of by Eddie L. Foster were put before the jury except for the matter of the alleged notice posted in the Montgomery Police Department. The Court holds that testimony of this notice would not have been admissible in the case.”
The decision of whether to grant or deny a motion for a new trial rests within the sound discretion of the trial judge. This Court will indulge every presumption in favor of the correctness of the trial judge’s decision and will not reverse the case unless there has been an abuse of that discretion or unless the trial court committed prejudicial error as a matter of law. Smiley v. State, 435 So.2d 202, 206 (Ala.Crim.App.1983).
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the U.S. Supreme Court established the standards for the review of an ineffective assistance of counsel claim.
“A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.”
We do not by this opinion decide whether Foster was deprived of the “counsel” guaranteed by the Sixth Amendment. We do hold that if Foster can prove his claims, then the trial judge abused his discretion in not granting Foster’s motion for a new trial.
Foster’s motion presents two claims that, if proven, could possibly make out a case of ineffective assistance of counsel under Strickland. First, with regard to the notice allegedly posted in the warrant clerk’s office, we note that the Court of Criminal Appeals has held that prior rape allegations cannot be introduced into evidence in certain circumstances. See, Webb v. State, 455 So.2d 223, 224 (Ala.Crim.App.1984). But in this case, the evidence Foster says he can present regarding the notice in the warrant clerk’s office would be admissible, as it relates to the prosecutrix’s reputation for truth and veracity.. “A witness, by taking the stand, puts in issue his character or reputation for truthfulness.” Allen v. State, 382 So.2d 11, 23 (Ala.Crim.App.1979). Second, Foster alleged that the prosecutrix’s psychiatrist would state that she was not competent to testify. Of course, such evidence would be relevant and could have changed the outcome of the trial. We do not find any such testimony in the record. The credibility of a witness may be attacked by showing mental incapacity, but only if the incapacity exists at the time the witness testifies, or existed at the time of his observation of the incident about which he testifies. Ex parte Tucker, 474 So.2d 134, 136 (Ala.1985).
*480 We do not, by this opinion, hold that the trial judge abused his discretion by failing to grant-Foster a new trial. We do hold that the trial judge incorrectly held in his order denying the motion for a new trial that “this notice [the notice posted in the warrant clerk’s office] would not have been admissible in this case.” We remand the case, therefore, to the Court of Criminal Appeals with instructions to remand it to the trial court for the purpose of allowing the petitioner to show, if he can, that this fact was known to his counsel at the time of the trial of his case. If the petitioner does prove this fact, the trial judge should adjudicate petitioner’s claim of ineffective assistance of counsel under the guidelines set forth in Strickland v. Washington, supra.
REMANDED WITH DIRECTIONS.
JONES, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and ALMON, J., concur in the result.