AFTER REMAND FROM ALABAMA SUPREME COURT
TYSON, Judge.
This cause is hereby remanded with directions to the Circuit Court of Montgomery County, Alabama, for a hearing, with counsel present to represent the appellant, Eddie Lee Foster, and there to adjudicate his claim under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The foregoing is required by the opinion of the Alabama Supreme Court, Ex Parte Foster, 548 So.2d 478. Due return shall include the trial judge’s order and judgment and shall be filed in this court showing the disposition of this cause.
REMANDED WITH DIRECTIONS.
All the Judges concur.
*481 ON RETURN TO REMAND
TYSON, Judge.
The Circuit Court of Montgomery County has filed a return to remand as directed by this court in its opinion of October 11, 1988, [Foster v. State,] 548 So.2d 480.
A return has now been filed, following a full hearing on the merits of the appellant’s allegations with reference to his contention that he did not receive the effective assistance of counsel under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court of Alabama had directed that a hearing be held on this matter, Ex Parte Foster, 548 So.2d 478.
The circuit court entered the following order with reference to the appellant’s contentions:
“State of Alabama, Plaintiff
“vs.
“EDDIE LEE FOSTER, Defendant MEMORANDUM OPINION AND ORDER
“Eddie Lee Foster (Foster) was convicted for the offenses of rape in the first degree, sodomy in the first degree, kidnapping in the first degree and robbery in the first degree of Charlene Jones (Jones). He has filed a motion for new trial on grounds of ineffective assistance of his trial counsel, Charles Hollifield. The motion was denied; however, this cause has been remanded to the Court to conduct a hearing and adjudicate Foster’s claims pursuant to the standards of Strickland v. Washington, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984). New counsel was appointed for Foster, and hearings were held.
“Foster claims that Hollifield was ineffective because (1) the warrant clerk of the Montgomery, Alabama, Municipal Court was not called to testify that his office would not issue any warrants based on a complaint by Jones; and (2) Dr. Cecil Prescott, a psychiatrist who had treated Jones, was not called to testify that she was incompetent as a witness or that her testimony was unreliable. The State contends that these decisions were part of the defense’s trial strategy, and that Hollifield was not ineffective when measured by the standards of Strickland, supra. The defense strategy was to concede that Jones had been raped, et cetera; but to contest her identification of Foster as the perpetrator of these offenses.
“A notice was posted in the warrants clerk’s office to the effect that no warrant should be issued based on the complaint of Ms. Jones. Hollifield investigated the reason for the notice, and learned that on one occasion Jones filed a complaint against the bouncer of a nightclub from which she had been, apparently, forcibly removed. A warrant for assault was issued; however, further investigation revealed that Ms. Jones was intoxicated and boisterous at the time she was removed and the bouncer acted lawfully in removing her. The charge was then dropped. The notice was not posted because Ms. Jones falsely swore to this complaint or because she had the habit of swearing to false complaints. “Hollifield testified that (1) he could not determine how this evidence would be admissible; or (2) in view of the reason for the posting of the notice, how this evidence would be beneficial in the defense of the charges. The Court agrees with Hollifield’s assessment of the law and of the facts, and holds that the failure [of] the warrant clerk to testify regarding the notice does not render his representation ineffective.
“The offenses for which Foster was convicted occurred on August 15, 1984. At some point in early 1985 Jones identified Foster to the police. In July of 1985 Jones was assaulted by an individual whom she identified as Foster; however, at the time of this alleged assault Foster was in jail. These facts were put before the jury in an effort to discredit Jones’ identification of Foster as the person who committed the acts for which he was convicted. However, Foster contends that this incident compels that Dr. Prescott should have been subpoenaed and his expected testimony would have been *482 that Jones had severe mental disorders, was not competent as a result of the disorders, and that her testimony was otherwise unreliable.
“Hollifield interviewed Dr. Prescott. Although Dr. Prescott would have testified that Ms. Jones had a severe mental disorder, he apparently was not prepared to testify that she was incompetent at the time of the trial or when she identified Foster as her attacker. More importantly, Dr. Prescott would have testified that the misidentification of Foster as the person who assaulted her in July of 1985 was probably caused by a flashback to the rape, i.e., Jones confused the person who assaulted her in July of 1985 with the person who raped her in August of 1984, Foster. Because this testimony would be damaging to the defense, Dr. Prescott was not called to testify. Additionally, the fact that Jones suffered a mental disorder was put before the jury through other testimony. The Court holds that Hollifield’s failure to call Dr. Prescott in this case was objectively unreasonable. [sic]
“Based on the foregoing, it is ORDERED that Eddie L. Foster’s motion for new trial is denied.
“DONE and ORDERED in chambers this 4th day of January, 1989.
/s/ William Gordon
William Gordon Circuit Judge”
Having reviewed the record in this matter, this court is of the opinion that the appellant’s contentions must fail. He has failed to make out a case under the evidence which would support a claim of ineffective assistance of counsel under Strickland v. Washington, supra.
For the foregoing reasons, the order and opinion of the circuit court is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.