PATTERSON, Judge.
The appellant, Ronald Edward Buckner, appeals his conviction for robbery in the first degree and his resulting sentence, as a habitual felony offender, of life imprisonment without the possibility of parole.
As one of three issues, Buckner contends that he was improperly sentenced as a habitual offender because, he alleges, three of the five prior felony convictions used to enhance his sentence were based on pleas of nolo contendere. The three felony convictions at issue occurred in Arizona. The state offered certified copies of the judgment entries for Buckner’s sentencing for the three Arizona convictions. They show only that Buckner was adjudged guilty of the crimes, not upon what basis these judgments rest. However, the documents contain a reference, in regard to one of Buckner’s convictions, to counsel’s request “that the Court reconsider its ruling and allow the defendant to withdraw his plea of no contest and go to trial.” Buckner objected to the three convictions being used for enhancement purposes because, he argued, the above language is proof that the Arizona convictions were based on pleas of nolo contendere. See 22 C.J.S. Criminal Law § 398 (1989) (which recognizes that the plea of “nolo contendere” is sometimes also called “no contest”). However, the trial court admitted the three convictions into evidence.
Without any indication otherwise, we must assume that Buckner’s Arizona convictions rest upon pleas of nolo contendere. In Alabama, a trial court may not enhance punishment under the provisions of § 13A-5-9(c), Code of Alabama 1975, using a conviction based on a plea of nolo contendere. Ex parte Jenkins, 586 So.2d 176 (Ala.1991); Jones v. State, 585 So.2d 180 (Ala.Cr.App.1991).
For this reason, this cause is remanded to the trial court for a new sentencing hearing at which no conviction based upon a plea of nolo contendere is to be used for enhancement. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 42 days of the release of this opinion.
We further comment that we find Buckner’s other two issues to be unworthy of discussion. We find to be without merit Buckner’s contention that the trial court erroneously denied his motion for a new trial. See Watkins v. State, 565 So.2d 1227 (Ala.Cr.App.1990); Townsend v. State, 469 So.2d 1352 (Ala.Cr.App.1985). We also find that Buckner’s contention that the trial court erred in refusing to give his written requested jury instruction on mistake was not preserved for our review. See A.R.Cr.P. 21.2.
REMANDED WITH INSTRUCTIONS.
All Judges concur.