McMILLAN, Judge.
The appellant, Judy A. Davidson, was found guilty of one count of arson in the second degree and 12 counts of theft. The trial court sentenced her to 15 years’ imprisonment on the arson conviction and to 6 years’ imprisonment on each of the theft convictions. The court ordered that the 6-year sentences were to run concurrently with each other and consecutively with the 15-year sentence. The appellant challenges only the arson conviction on appeal.
The State’s evidence at trial tended to show that, at approximately 10:30 p.m., a fire was reported at the Pike County extension service office. A deputy fire marshal testified that the fire was not accidental, and the fire marshal then testified that the fire started behind the appellant’s desk, in a pile of incriminating documents belonging to the appellant.
I.
The appellant contends that the trial court erred in overruling her objections to the State’s peremptory strikes of black veniremembers. At trial, the appellant argued that the State used 14 of its 20 strikes to remove 14 of the 17 black veniremembers.[1] The trial court found a prima facie case of discrimination and asked the prosecutor to state his reasons for the strikes. The appellant now argues on appeal that the reasons given for eight of the strikes were pretextual.[2]
The prosecutor’s reasons for the challenged strikes were as follows: (1) juror no. 220: “this defendant appears to [be] the same age as that juror venireperson and also is single”; (2) juror no. 184: “same age ... singlet,] ... based upon the same reason that I used in the [previous strike]”; (3) juror no. 213: “knew the defendant, ... has had contact with my office’s worthless check unit, ... [and] appears to be the same age [as the defendant]”; (4) juror no. 140: “knew the de *1155 fendant”; (5) juror no. 223: “knew the defendant” and said that he “did not feel as though he could sit impartially on this jury”; (6) juror no. 176: “knew the defendant” and initially “indicated that she could not be fair, but upon further questioning by the Court indicated she could be fair”; (7) juror no. 123: “because he is a preacher. I have struck all preachers from the jury”; and (8) juror no. Ill: “lives on McSwain Street in Brundidge,” and the defendant “has an alibi witness who lives on McSwain Street in Brun-didge[,] ... a very short street, ... [and] this potential juror would have a high likelihood of knowing that alibi witness.”
After the prosecutor stated his reasons, the appellant offered the following evidence that the reasons as to three of those prospective jurors were pretextual: With regard to juror no. Ill: “[T]his supposed alibi witness we have doesn’t live in Brun-didge”; with regard to juror no. 220: “[T]his defendant, for the record, does not work at Ansell, never has worked at An-sell, and they used someone being employed at Ansell as justification for striking [this juror]”; and with regard to juror no. 213: “I believe they attributed to [her] having responded knowing the defendant [and she] did not so respond.”
The appellant argues on appeal various reasons that the prosecutor’s strikes of the other five jurors also were pretextual. However, the appellant did not present any of these claims at the Batson hearing. Although some of the reasons stated by the prosecutor were suspect (see, e.g. Ex parte Bird, 594 So.2d 676 (Ala.1991), noting that age is a highly suspect rationale), the appellant did not challenge them. As the reasons stated by the prosecutor at the hearing for striking these five jurors were sufficient and non-diseriminatory, the trial court should not now be held in error based on claims that were never presented for its consideration. Specific objections waive all other not specified. Cole v. State, 548 So.2d 1093 (Ala.Cr.App.1989); Woods v. State, 592 So.2d 631, 635-36 (Ala.Cr.App.1991)
With regard to the three claims that the appellant did present, it is clear from the prosecutor’s explanation that he mistakenly believed that juror no. Ill lived on McSwain Street. Similarly, with regard to juror no. 220, the prosecutor apparently believed that juror was among those who had stated that they knew the appellant. A prosecutor may base a strike on a mistaken belief, so long as the assumptions are based on honest belief and are racially neutral. Smith v. State, 590 So.2d 388 (Ala.Cr.App.1991). With regard to juror no. 213, the prosecutor stated that he was not aware of using that juror’s alleged employment at Ansell as a reason for a challenge. A review of the record reveals that the prosecutor’s statement in relation to juror no. 213 — “worked at An-sell” — was a description of the juror, not a reason for striking her, and it was not given as a reason for the strike.
The trial court’s ruling on a Batson motion will be reversed only if it is clearly erroneous. Lynn v. State, 543 So.2d 709 (Ala.1988). Here, based on the reasons stated in the record, the trial court’s denial of the appellant’s motion was not clearly erroneous.
II.
The appellant contends that the trial court erred by denying her repeated requests for funds to obtain assistance from an arson expert. She argues on appeal that an arson case is highly technical and scientific and that she was entitled to assistance because the evidence was critical and subject to varying opinions.
*1156 The record" reveals that the appellant filed three motions seeking funds for an expert investigator. In the first, filed on August 8, 1996, the appellant’s counsel stated that the services of an expert witness for arson investigation were “necessary for the effective representation” of the appellant and “necessary in order to complete the effective representation” of the appellant. In the second, which was filed on the same day, the counsel stated the same grounds. The third motion, filed on October 10, 1996, stated that the appellant’s counsel could not “adequately investigate this matter without the assistance of a qualified arson expert” and that “the State, in the prosecution of this matter, will be relying upon the expert testimony of their own arson investigator.”
In Ex parte Moody, 684 So.2d 114, 119 (Ala.1996), the Alabama Supreme Court stated that, to demonstrate that he or she is entitled to expert assistance at public expense, an indigent defendant “must show, with reasonable specificity, that the expert is absolutely necessary to answer a substantial issue or question raised by the state or to support a critical element of the defense.” The appellant’s motions did not identify any specific issue or question as to which an expert defense witness was necessary. The motions also did not state any element critical to the defense for which an expert was needed. Because the motions were insufficiently specific to show that the appellant was entitled to the services of an arson expert, the trial court did not err in overruling her motion for these extraordinary expenses. See Dubose v. State, 662 So.2d 1156 (Ala.Cr.App.1993), aff'd, 662 So.2d 1189 (Ala.1995), and cases cited therein.
III.
The appellant contends that the evidence at trial was insufficient to establish beyond a reasonable doubt that she had committed the offense of arson. She argues that the State failed to prove that the fire was intentional or willful and that it also failed to offer evidence to identify the responsible person. She further argues that there was no testimony to place her “in proximity of the fire at any time” and that alibi witnesses testified to her presence in Brundidge at approximately the same time that the fire was discovered in Troy.
In order to establish the corpus delicti of arson, the State must prove: (1) damage to a building, (2) intentionally and willfully caused by a responsible person, (3) by starting or maintaining a fire or causing an explosion, not as the result of accidental or natural causes. Bolden v. State, 568 So.2d 841 (Ala.Cr.App.1989). The appellant in the present case concedes that the State has proved the first and third elements, but she argues that evidence offered to prove the second is insufficient.
At the appellant’s trial, a deputy state fire marshal testified that he had conducted an extensive investigation and had eliminated accidental causes as the source of the fire. His testimony was uncontradicted, and it provided sufficient evidence that the fire at the extension service office was intentionally and willfully caused. In addition, the deputy testified that the fire started in a pile of documents behind the appellant’s desk. The documents included financial records that implicated the appellant in a series of thefts from her employer. The deputy’s testimony provided circumstantial evidence that the appellant was the person responsible for the fire. Circumstantial evidence is not inferior evidence and may be accorded the same weight as direct evidence. Ward v. State, 557 So.2d 848 (Ala.Cr.App.1990). Direct evidence of the appellant’s presence *1157 at the scene of an arson is not required for conviction. See, e.g., Dunnaway v. State, 479 So.2d 1331 (Ala.Cr.App.1985).
The present case is similar to Armstrong v. State, 45 Ark.App. 72, 871 S.W.2d 420 (1994), wherein the court upheld the appellant’s conviction for arson on circumstantial evidence. In Armstrong, there was strong evidence that the appellant had a motive for setting the fire, and his alibi evidence did not account for his whereabouts during the entire time during which the fire might have been started. Here, the appellant had a strong motive — preventing or delaying the discovery of her thefts — and her alibi evidence was insufficient to show that she could not have committed the arson. A city fireman established that the fire was reported at 10:37 p.m. A childhood friend testified that she was with the appellant until 9:10 p.m., and a captain in the county sheriffs department testified that he talked to her for “[plrobably a minute or so” at “around 10:00 [p.m.] or shortly after.”
However, the captain also said that it would have taken only “probably from 12 to 15 minutes” to drive from the appellant’s home to the site of the fire. The deputy fire marshal testified that the fire could have smoldered for “20, 25 minutes, [or] possibly longer” before it broke out into the larger area of the office, and there was no evidence as to how soon after that the fire would have been detected. Based on the evidence, it was possible for the appellant to set the fire between the time her friend left and the time she telephoned the captain, or she could have set it after she finished her call to the captain and before the time the fire was reported. In addition, the captain testified that the appellant telephoned him at his home. There was no evidence that the appellant was at home when she made this call. Based on the record, the evidence offered by the State was sufficient to support the appellant’s conviction of arson.
AFFIRMED.
LONG, P.J., and BROWN and BASCHAB, JJ„ concur.
COBB, J., concurs in part and dissents in part with opinion.

. After the prosecutor had stated the reasons for his strikes, the parties determined that only 13 black veniremembers were removed.

. She also argues in support of her claim that the State engaged in desultory voir dire. However, we cannot consider this claim because the appellant failed to include a complete transcript of the voir dire process in the record on appeal. This Court will not presume error from a silent record. Robinson v. State, 444 So.2d 884 (Ala.1983).