BURKE, Judge.
Sherman Lee Campbell was convicted of arson in the first degree, a violation of § 13A-7-41, Ala.Code 1975, and of domestic violence in the third degree, a violation of § 13A-6-132, Ala.Code 1975. Campbell was sentenced to 25 years’ imprisonment in the State penitentiary for his conviction of first-degree arson and was sentenced to a one year in the Madison County jail for his conviction of third-degree domestic violence, the sentences to run concurrently. As to his arson conviction, he was ordered to pay a fine of $3,000 and, as to his domestic-violence conviction, he was fined $1,000. For each conviction, he was ordered to pay a fine of $100 to the Alabama Victims’ Compensation Fund, restitution, as well as court costs and attorney fees. This appeal follows.
At trial, the State presented evidence which tended to show the following:
Christina Hamlett testified that, at the time of the incident, she had been dating Campbell for over five and a half years and their relationship had been volatile, often resulting in the two striking each other. On May 7, 2009, Campbell picked Hamlett up from work and they went to Bay Boys, a “shot house” where people drink and play games and gamble. (R. 110-11.) They were there for approximately an hour and argued about a girl Campbell had been driving around in Hamlett’s automobile. The fighting continued later that evening, after they arrived at the house that they shared. According to Hamlett, Campbell broke a television and, as Hamlett began packing her belongings to leave, he went outside and punctured the tires on the automobile. She then ran for his truck, and he hit her in the eye. She ran inside and sat on her bed to wipe the blood from her injury; Campbell followed her and lit a napkin on fire and threw it on the bed. Hamlett used the bedspread to put out the fire and then ran away. She testified that she never smelled gasoline, but she later found the can in the house and testified that gasoline had been poured over the furniture.
*791 Officer Jeremy Phipps, a police officer with the Huntsville Police Department, testified that, while he was on patrol on May 7, 2009, he saw a woman who was later identified herself as Christina Ham-lett running toward his patrol car. He testified that Hamlett’s face was swollen and bleeding, and that she was “acting crazy.” (R. 84.) Hamlett told Phipps that Campbell had hit her and that he was going to try and burn down her house. Phipps went to Hamlett’s residence. When Phipps arrived at the home, he could smell a strong smell of gasoline coming from the house. According to Ham-lett’s son, who was present at her home when Phipps arrived, Campbell had already left the residence. Phipps completed a report of domestic violence at that time.
On May 8, 2009, Norma Hoblit, an investigator for the Huntsville Police Department, was assigned the case and spoke with Hamlett. Hamlett informed Hoblit that Campbell had injured her and had tried to burn down her house. Hoblit then contacted Sgt. Kevin O’Connell, an arson investigator for the Huntsville Police Department at the time, and they went to Hamlett’s residence. Hoblit could still smell the strong odor of gasoline, and she observed burnt paper and damage to a blanket on the bed in the bedroom. Ham-lett’s son showed the officers where the gasoline can was located. He also showed them punctured tires on Hamlett’s car and a knife located on the roof and two knives in the yard. The investigators collected burnt tissue paper as evidence. Hoblit indicated that the couch was still damp and that she could see the stains from gasoline on the couch.
Sgt. O’Connell testified that there was a strong odor of gasoline inside the house and that the sofa was saturated with a liquid that smelled like gasoline. Sgt. O’Connell also observed toilet paper or paper towels that were burned, as well as damage to the mattress and a blue blanket located on the bed. Based on the fact that a victim was inside the house at the time of the incident and that there was fire damage to the mattress and blanket, which indicated an open-flame source for the fire, Sgt. O’Connell decided that Campbell should be charged with arson. Sgt. O’Connell thought that the damage alone was sufficient to bring the charge because the fire was “maintained” and was only extinguished when the victim smothered it. (R. 151.)
At the end of the prosecution’s case, Campbell made a motion to dismiss on the grounds that all elements of the crime of arson in the first degree had not been satisfied. Campbell’s motion was denied. Campbell then presented evidence that showed the following:
Campbell testified that Hamlett had been intoxicated when they left Bay Boys and went to her house. Campbell claims that he never hit Hamlett but that she jumped on him, causing them to bump heads. Campbell claims that when Ham-lett jumped on him, he had a chain saw in one hand and a gasoline can in the other, which was spilled when Hamlett jumped on him. Campbell denied pouring gasoline on the couch and lighting a fire. Campbell claims that there was no damage to the house when he left the evening of the incident.
On appeal, Campbell claims that the State failed to present evidence sufficient to sustain a conviction of arson in the first degree. Specifically, Campbell claims that in order to uphold a conviction for arson, there must be some destruction or consumption of material to the building. Thus, Campbell argues, because there was no evidence of fire damage to the building, the court erred in denying his motion to dismiss. Campbell also included in his *792 notice of appeal that he was appealing his conviction for third-degree domestic violence case; however, he did not raise any argument concerning that conviction in his brief on appeal. Thus, the trial court’s judgment of conviction for that offense is due to be affirmed. Pursuant to § 13A-7-41, Ala.Code 1975, arson in the first degree is defined as follows:
“(a) A person commits the crime of arson in the first degree if he intentionally damages a building by starting or maintaining a fire or causing an explosion, and when:
“(1) Another person is present in such building at the time, and “(2) The actor knows that fact, or the circumstances are such as to render the presence of a person therein a reasonable possibility.”
The State admits that, as a matter of law, it failed to prove all the elements of first-degree arson because there was no evidence of any actual damage to the building involved. Davidson v. State, 792 So.2d 1153, 1156 (Ala.Crim.App.1998) (“In order to establish the corpus delicti of arson, the State must prove: (1) damage to a building, (2) intentionally and willfully caused by a responsible person, (3) by starting or maintaining a fire or causing an explosion, not as the result of accidental or natural causes. Bolden v. State, 568 So.2d 841 (Ala.Crim.App.1989).”). Cf. Bateman v. State, 408 So.2d 194, 197 (Ala.Crim.App. 1981) (holding that a conviction for attempted arson was proper as a lesser-included offense of first-degree arson conviction where the jury was so charged because no actual damage was done to the building). However, the State argues that, despite the trial court’s failure to charge the jury in this case as to the lesser-included offense of attempted arson, the State’s evidence sufficiently proved all the elements of attempted arson in the first degree. Therefore, the State argues that this Court should render a judgment of conviction for the lesser-included offense of attempted arson.[1]
In urging this Court to render a conviction for the lesser included offense of attempted arson, the State relies on a decision by the United States Court of Appeals for the Fifth Circuit in United States v. Hunt, 129 F.3d 739, 745-46 (5th Cir.1997), which held that modification of a judgment was allowed even when the trial court did not instruct the jury on the lesser-included offense if the modification would not result in undue prejudice to the defendant. The State also bases its argument on a Connecticut case, State v. Sanseverino, 291 Conn. 574, 969 A.2d 710, 720 (2009), in which the court noted that some courts have held that it is appropriate for an appellate court to modify a judgment to reflect a conviction for a lesser-included offense, even if that offense was not charged to the jury. Thus, the State argues that because all the elements of the lesser-included offense of attempted arson are included in the charge of arson in the first degree, Campbell had his day in court and was subsequently found guilty; thus, the State contends, Campbell would not suffer undue prejudice by a modification of the judgment and this Court should modify the judgment and render a conviction finding Campbell guilty of attempted arson.
*793 Although the State urges this Court to adopt the view of the Hunt court, the Alabama Supreme Court has already addressed this issue and has made a decision to the contrary. The Alabama Supreme Court has held that when the State fails to present sufficient proof of all the elements of a crime, a conviction must be reversed, judgment must be rendered for the defendant, and an appellate court may not enter judgment on a lesser-included offense unless the jury was charged as to the lesser-included offense. Ex parte Roberts, 662 So.2d 229, 232 (Ala.1995). See also Ex parte Beverly, 497 So.2d 519 (Ala.1986).
In the present case, the State admits that Campbell could not have been convicted for the crime of arson in the first degree because the State presented no evidence of any actual damage to the building involved. Additionally, the jury was not charged as to the lesser-included offense of attempted arson. Therefore, under the principles set forth by the Alabama Supreme Court in Ex parte Roberts, Campbell’s conviction of arson in the first degree cannot be sustained and a judgment may not be entered for the lesser-included offense of attempted arson.
Based on the foregoing, the judgment of the trial court is reversed and judgment is rendered for Campbell on the charge of arson in the first degree.
AFFIRMED AS TO HIS CONVICTION FOR THIRD-DEGREE DOMESTIC VIOLENCE; REVERSED AND JUDGMENT RENDERED AS TO HIS CONVICTION FOR FIRST-DEGREE ARSON.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. The State acknowledges that this Court is bound by prior decisions of the Alabama Supreme Court, which state that an appellate court may not enter a judgment on a lesser-included offense unless the jury was charged as to that offense. However, the State notes that its argument in this case is made to preserve the issue for certiorari review, because, the State contends, recent developments in various state and federal appellate courts permit the Alabama Supreme Court to revisit these decisions and to allow an appellate court to render a judgment for a lesser-included offense under certain circumstances, such as those present in this case.