Appellant-defendant, an indigent here and at nisi prius, was indicted in Marshall County for rape and convicted therefor by a jury. The trial court sentenced him to thirty-five years imprisonment in the penitentiary.
The alleged rape took place in a semi-isolated area to which the victim was transported in an automobile occupied by defendant and two male companions.
The transportation began when the victim was accosted as she was walking alone with her dog which she located in an area where she had gone with a female companion in the latter's automobile. This friend did not have time to wait while the victim was searching for the dog. The victim was a student at Snead College in Marshall County.
As the victim was walking back on a road leading to the college, with her dog, the automobile in which defendant and his companions were riding came up and stopped near her and one of the men made some remark about the dog, but drove on. Then they came back and stopped again, but drove on and in a few minutes returned again. This time, according to the victim's testimony, the defendant got out and at knife point, plus verbal threats, forced the victim to get on the front seat and put her dog on the front floor board. Defendant then got in the car beside the victim. The driver, defendant, and a third male on the back seat, took her to a semi-isolated area where she was forced by threats to have natural sexual relations with all three. She was also forced to have oral sex with one of the three. All of this occurred on the late afternoon or night of January 6, 1979 in Marshall County.
After the sexual relations came to an end, she was allowed to put on her clothes, all of which they had forced her to remove. She was then transported a certain distance where she was allowed to leave the automobile. The three males drove away. The victim then made her way to the police *Page 411 
station and reported the incident. Officers of the law made an investigation and arrests were subsequently made.
Appellant here complains that his constitutional rights to confrontation (cross-examination) were violated by the court's sustention of the state's objection to a question his counsel propounded to the victim. We quote the question:
 "Q One more thing, Miss Shields: Prior to this incident of January 6, 1979, had you ever brought charges of rape against anyone else?
 "MR. STARNES (District Attorney): Judge, I'm going to object.
"THE COURT: Sustain the objection.
"MR. WALKER: We except to that, Your Honor.
"THE COURT: The same Act number.
 "MR. WALKER: Your Honor, I was not asking about . . . could I approach the bench?
"THE COURT: Yes. Sustain the objection."
The Act to which the court referred is Act No. 251, Acts of Alabama, 1977, p. 328, § 12-21-203, Code of Alabama 1975. This Act provides that:
 "(c) In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in subsection (d) of this section, finds that such past sexual behavior directly involved the participation of the accused."
But the constitutionality of the Act was not raised in the lower court. Constitutional rights have to be raised seasonably in the lower court. Fuller v. State, 269 Ala. 312,113 So.2d 153 (11). Because of the absence of a ruling at nisi prius on this issue, we pretermit a ruling here on the constitutional issue.
However, we note that the question is broad in scope. It is not limited to charges arising out of the victim's own personal sexual experience under duress or force, but includes charges arising out of the sexual experience of others under duress or force. We hold that the question calls for evidence that was immaterial and irrelevant to the issues raised under defendant's plea of not guilty.
Assuming though the question had been narrowed to charges arising out of the prosecutrix's own personal experience with a third person, we think that it would have been objectionable. Particular acts of unchastity on the part of the prosecutrix with a third person are not admissible under our case law.McQuirk v. State, 84 Ala. 435, 4 So. 775 (1); See also 16A Alabama Digest, Rape 40 (3).
By the same token particular acts of rape of the prosecutrix by a third person, apart from the res gestae, or charges by the victim therefor, are not admissible in evidence. Such acts are immaterial and irrelevant.
The constitutionality of Act No. 251, Acts of Alabama 1977, codified in § 12-21-203, supra, is not as we have noted, supra, the subject of review. The court's casual reference to the act is not sufficient to bring it under constitutional scrutiny of this Court. A general objection, as here, may be properly sustained if the testimony is obnoxious to any rule of evidence. Norris v. State, 229 Ala. 226, 156 So. 556 (18).
We have examined the entire record before us and conclude that the court's rulings were free of error to reverse. Defendant did not take the stand nor did he offer any witnesses.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED. *Page 762