Willie Webb was indicted and convicted for rape in the first degree and sexual abuse in the first degree. Sentence was twenty-five years' imprisonment. Four issues are raised on appeal from that conviction.
 I
The trial judge properly refused to allow defense counsel to establish the victim's sexual history.
The thirteen-year-old victim testified that in July of 1982, just after she had turned twelve, Webb threw her on the bed, removed her clothes, and had sexual intercourse with her. She stated that was the only time that sexual intercourse was involved but that he "played with her vagina * * * most every Saturday" from July of 1982 until May of 1983 when her mother went into the hospital.
On cross examination she testified that James Mills had also "messed" with her more than four times when her mother was living with him in 1981.
Social worker Paulette Green was employed by the Department of Pensions and Security. She investigated the victim's complaint. On cross examination, the following occurred:
 "Q. Amy did your investigation reveal that Angie had been molested before this?
 "THE COURT: I believe that is pretty well in evidence.
"MR. LOGGINS (Prosecutor): We object.
 "THE COURT: I sustain the objection to that, it has got nothing to do with this.
"Q. Did Angie ever state to you that she had
"MR. LOGGINS: Object, Your Honor.
"THE COURT: I am going to sustain the objection."
Defense counsel introduced a doctor's report wherein "the doctor stated that he believed that the hymen has been broken but could not tell for sure."
The admission of evidence relating to the past sexual behavior of the prosecutrix which does not directly involve the participation of the accused is prohibited by Alabama Code §12-21-203 (1975). Complaints by the prosecutrix of other rapes committed by third persons not a part of the res gestae are immaterial and irrelevant. Smiley v. State, 435 So.2d 202,206-07 (Ala.Crim.App. 1983); Hollis v. State, 380 So.2d 409,411 (Ala.Crim.App. 1980); Jackson v. State, 375 So.2d 1271,1273 (Ala.Crim.App.), cert. denied, Ex parte Jackson,375 So.2d 1274 (Ala. 1979).
 II
Webb maintains that the trial judge improperly limited his constitutional right to cross examine the prosecutrix.
The State's case consisted of the testimony of the prosecutrix and social worker Green. After cross examining the prosecutrix, defense counsel did not reserve any "right" to recall the witness for further cross examination. After the State rested its case, Webb attempted to "recall" the prosecutrix as his first witness. The trial judge denied the request.
 "MR. GRISSETT (Defense Counsel): Judge, we would submit for the record that we have a chance to ask her a few more questions. We submit the evidence was vague as to what time she was talking about.
 "THE COURT: She has been on cross-examination, unless anything else comes up that would be different, I would not permit you to recall her for further cross-examination, this minor witness." *Page 225 
A review of the trial transcript reveals that the victim was not "vague as to what time she was talking about."
Webb's objection at trial and his argument on appeal make it clear that he intended to call the prosecutrix for further cross examination and not as his own witness. When Webb attempted to recall the prosecutrix, the prosecutor objected because "she has already been under an hour or more testimony." Defense counsel's cross examination of the prosecutrix was interrupted on two occasions to allow the victim a brief recess.
"A trial court has discretion to allow or disallow a witness to be recalled for further cross examination." Baxter v. State,360 So.2d 64, 66 (Ala.Crim.App. 1978). "Trial judges have unlimited discretion to cut off questions on cross examination which are repetitious, concern wholly collateral matters, are irrelevant, or are harassing, annoying, or humiliating." Atwellv. State, 354 So.2d 30, 39 (Ala.Crim.App. 1977), cert. denied,Ex parte Atwell, 354 So.2d 39 (Ala. 1978). The record does not reflect any abuse of discretion by the trial judge. "A trial court should not allow a state witness to be `recalled' by the defense during its case-in-chief for purposes of further cross-examination and impeachment on matters to which the witness had previously testified." Walker v. State,416 So.2d 1083, 1091 (Ala.Crim.App. 1982).
 III
Webb contends that the trial judge improperly allowed the State to recall the prosecutrix for its case in rebuttal and solicit responses which were not in rebuttal of the defendant's evidence. When the State announced that it was going to call the prosecutrix in rebuttal, defense counsel objected and specifically requested the trial judge "to specifically limit him to Rebuttal because of their refusal for letting us recall her."
 "Q. (Prosecutor Loggins): And you were interviewed in the Sheriff's Office and Bill Shaw was present, is that correct?
"A. Yes, Sir.
 "Q. And in that did you tell him that you were raped three or four different times?
 "MR. GRISSETT: We object to that it is already in evidence.
"THE COURT: Overrule.
"MR. GRISSETT: That is not rebuttal.
"THE COURT: You may answer the question."
The State's question was in fact in rebuttal of the testimony of defense witness Bill Shaw, who stated that the prosecutrix told him that "it happened several times, this sexual abuse had." Webb testified that he "did not touch her anywhere" and never engaged in sexual intercourse with her. The prosecutrix's mother testified as a defense witness and stated that in 1982 her daughter had accused Mills of "messing with her."
The allowance of this rebuttal testimony was within the discretion of the trial judge. "[I]t is elementary that the State may examine a prosecuting witness as to facts tending to rebut the defendant's testimony, or reasonable tendencies thereof." Logan v. State, 291 Ala. 497, 501, 282 So.2d 898
(1973). Moreover, "[t]he order of proof and rebuttal testimony rest largely in the sound discretion of the trial court, and this rule applies to testimony which more properly should have been offered as part of the case in chief." McBryar v. State,368 So.2d 568, 575 (Ala.Crim.App.), cert. denied, Ex parteMcBryar, 368 So.2d 575 (Ala. 1979). IV
Webb's last argument is that the trial judge should have granted his motion for new trial. We have already answered ground one of that motion in section II of this opinion.
Contrary to Webb's assertions, the State did prove penetration. The prosecutrix's testimony on this issue is so clear that we need not set it out in detail. Penetration "need not be proved in any particular *Page 226 
form of words." Beckley v. State, 353 So.2d 542, 544
(Ala.Crim.App. 1977); Smith v. State, 368 So.2d 298, 304
(Ala.Crim.App. 1978), cert. denied, 368 So.2d 305 (Ala. 1979). The fact that the examining physician, a defense witness, testified that he could not determine whether or not the prosecutrix had engaged in sexual intercourse merely presented an issue of conflicting evidence and a question for the jury.
The third ground of the motion for new trial was that the State failed to prove that the defendant was over sixteen years of age. This argument is without merit.
Webb was indicted under Alabama Code § 13A-6-61 (a)(1) which provides that "[a] male commits the crime of rape in the first degree if: (1) He engages in sexual intercourse with a female by forcible compulsion." (Emphasis added.) This subsection contains no age requirement for either the defendant or the victim. In contrast, § 13A-6-61 (a)(3) defines another type of rape in the first degree where a male "being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old." The State proved that the prosecutrix was over twelve years of age, and that the offense occurred before the indictment. The jury was not instructed on "statutory rape". Whether the defendant was over the age of sixteen had absolutely nothing to do with this case.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.