Delano Phillips was convicted of rape in the second degree and sentenced to two years' imprisonment. The State's evidence established that the defendant, a 49-year-old man, had sexual intercourse with S.M.W., a 13-year-old girl.
On appeal, the defendant argues that the trial court erroneously prohibited him from eliciting testimony that S.M.W. had brought prior unfounded charges of rape against three other individuals. The defendant made an offer of proof that S.M.W. had previously claimed to have been raped three times by her uncle's cousin and that she had also accused one Roger L. and one Richard or Robert A. of rape, the latter two cases having been "nol-prossed or dismissed by the district attorney." Defense counsel argued that the proposed evidence established "a pattern or scheme or design . . . on the part of this witness to make up those sorts of allegations."
The prosecutor objected to the proffered evidence on two grounds: First, that it would violate § 12-21-203, Code of Alabama 1975, the "rape-shield" statute; and second, that it would constitute improper impeachment by proof of specific bad acts.
Defense counsel contended that the evidence should be admitted as an exception to the rape-shield statute, since it was not offered to show the victim's lack of chastity but to show her lack of credibility. In response, the prosecution insisted that evidence aimed at impeaching the witness's truthfulness was limited to proof of her bad general reputation for that specific trait.
Those courts which have considered the admissibility of prior charges of sexual assault by a complaining witness have been sharply divided. Compare, e.g., United States v. Cardinal,782 F.2d 34 (6th Cir. 1986), cert. denied, Cardinal v. UnitedStates, 476 U.S. 1161, 106 S.Ct. 2282, 90 L.Ed.2d 724 (1986) (trial court did not err in excluding, under federal rape-shield statute, fact of the victim's having made and then withdrawn other charges of sexual assault) with People v.Hurlburt, 166 Cal.App.2d 334, 333 P.2d 82 (1958) (trial court erred in refusing to admit evidence that prosecutrix had made similar false charges against others). See generally Annot. 75 A.L.R.2d 508 (1961).
 "A majority of the courts which have considered the issue permit such evidence only if the defendant makes a showing out of the presence of the jury that the witness' prior allegations of sexual assault were false, as, for example, where the charges somehow had been disproved or where the witness had conceded their falsity. See, e.g., State v. Hutchinson, 141 Ariz. 583, 688 P.2d 209, 211-13 (App. 1984); People v. Alexander, 116 Ill. App.3d 855, 72 Ill.Dec. 338, 452 N.E.2d 591 (1st Dist. 1983); Commonwealth v. Bohannon, [376 Mass. 90], 378 N.E.2d [987] at 991-92 [(1978)]; State v. Anderson, [211 Mont. 272], 686 P.2d 193, 198-201
(Mont. 1984); State v. Demos, 94 Wn.2d 733, 619 P.2d 968, 970 (1980)."
 Covington v. State, 703 P.2d 436, 442 (Alaska App. 1985) (emphasis added).
Wigmore concludes that "conduct indicating a disposition or habit or general scheme to make false charges or claims" should be admissible because it "may indicate a state of mind which partakes of the nature of corruption and of bias." 3A Wigmoreon Evidence § 963 at 808 (Chadbourn rev. 1970) (emphasis in original). "There ought to be no doubt that such facts [indicating a specific corrupt intention for the case in hand] could be freely inquired into, . . . and even the character-rule does not forbid them on cross-examination." Id.
at 810.
In Hollis v. State, 380 So.2d 409 (Ala.Cr.App. 1980), this court upheld the trial court's action in sustaining the State's objection to the following question asked on cross-examination of the prosecutrix in a rape trial: "Prior to this incident . . . had you ever brought charges of rape against *Page 223 
anyone else?" There was, however, no allegation or offer of proof that the prior charges were false. Citing the rape-shield statute, this court held that the question called for evidence which was immaterial and irrelevant. See also Little v. State,413 N.E.2d 639 (Ind.App. 1980) (admission of true accusations prohibited by rape shield law because they would be evidence of victim's sexual conduct).
Earlier, in Fuller v. State, 269 Ala. 312, 113 So.2d 153
(1959), cert. denied, Fuller v. Alabama, 361 U.S. 936,80 S.Ct. 380, 4 L.Ed.2d 358 (1960), the Alabama Supreme Court endorsed the notion that a witness could be questioned about prior false charges of crime made against others. In Fuller, a murder prosecution, defense counsel sought to impeach a state's witness with evidence that, in another murder case, the witness had fabricated a report of sighting the murder victim in the company of the murder suspects. Citing cases allowing a rape victim to be cross-examined by evidence of prior false charges of rape, defense counsel in Fuller contended that the witness "like[d] to be identified with" murder investigations and his earlier fabrication established a pattern of false reports.
Upholding the trial court's exclusion of the evidence on the ground that it did not constitute a "pattern," our Supreme Court noted the following with regard to rape cases:
 "We have examined those cases and are in accord with the general holding in so far as it pertains to rape and seduction cases where the prosecuting witness testifying is impeached by showing that she had made similar false charges against other men. Such testimony would tend to create some doubt in the minds of the jury where the very issue in the case on trial is her rape or seduction. The question as to the extent of cross-examination lies within the wide discretion of the trial court." Fuller v. State, 269 Ala. at 338, 113 So.2d at 177.
We conclude that evidence of the complaining witness's having brought false charges of sexual assault against others does not violate the rape shield statute. See Little v. State,413 N.E.2d 639 (Ind.App. 1980); State v. Baron, 58 N.C. App. 150,292 S.E.2d 741 (1982). Such evidence does not highlight the victim's past sexual conduct; it exposes her corrupt state of mind.
 "[W]here the state of mind of the prosecutrix is relevant, showings of possible motives for the charge, instances of extortion by the prosecutrix against the defendant, animosity of the prosecutrix, and the possibility that the witness has been coached, all have been held admissible. None of these is of as great probative value or relevancy as evidence of prior false accusations of the same charge involved in the main case. Such evidence is not offered for the purpose of impeaching or discrediting the general character or reputation of the witness, but is offered to disprove the very charge before the court. It is relevant as to the state of mind of the prosecutrix. . . .
 "The courts have been quite liberal, and properly so, in allowing the admission of evidence of the prior acts of the defendant toward the prosecutrix. . . . Equally relevant, and for the same reasons, is evidence that the prosecutrix has in the past lied about the type of acts charged to defendant." People v. Hurlburt, 166 Cal.App.2d 334, 333 P.2d at 87-88 (emphasis in original) (citations omitted).
Thus, we adopt the rule that when it has been shown that the witness's prior charges were false, the fact of their having been made is admissible. With reference to the use of such evidence in future cases, we note that "a defendant who wishes to use this kind of evidence at trial must obtain a preliminary ruling from the trial court that it is admissible. The matter should be brought up out of the jury's presence." Covington v.State, 703 P.2d at 442.
In the present case, the defendant's offer of proof did not establish the falsity of the alleged prior charges. Although the entry of a nolle prosequi represents *Page 224 
a decision by the prosecuting officer not to pursue the case further at that time, 22A C.J.S. Criminal Law § 456 (1961), the nolle prosequi "does not bar further proceedings on that charge at a later time." Williams v. State, 494 So.2d 819, 821
(Ala.Cr.App. 1986). Furthermore, a nolle prosequi, if entered before jeopardy has attached, does not represent a determination that the charge lacks legal or factual merit. A nolle prosequi entered before jeopardy has attached "does not amount to an 'implicit acquittal' on the dismissed charges. . . . '[A] defendant is acquitted only when "the ruling of a judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." ' " Williams v.State, 494 So.2d at 821 (brackets in original) (citations omitted).
The defendant's offer of proof that two prior rape charges had been the subject of nolle prosequi, therefore, did not demonstrate the falsity of those charges. Compare Hughes v.Raines, 641 F.2d 790 (9th Cir. 1981) (trial court did not err in excluding evidence of prior rape charge by witness when prior allegation had not been prosecuted so as to establish truth or falsity of charge); State v. Demos, 25 Wn. App. 15,605 P.2d 786 (1979), affirmed, 94 Wn.2d 733, 619 P.2d 968 (1980) (trial court did not err in excluding evidence of prior rape charge which was not prosecuted, in part, because of witness's inconclusive answers to polygraph examination).
Thus, while we accept in principle the notion that a rape prosecutrix should be subject to cross-examination about her previous unfounded allegations of sexual assault, here the defense did not satisfy its burden of showing that the prior allegations were unfounded.
The conviction is affirmed.
AFFIRMED.
All Judges concur.