BOWEN, Judge,
concurring specially.
Ex parte Williams, 571 So.2d 987 (Ala.1990), prevents our upholding the trial court on the basis of a procedural default which was never argued below when the trial court, without addressing the procedural issue, rules incorrectly on the merits of the substantive issue.
Here, defense counsel failed to reserve the right to recall the witness for further *1211 cross-examination or to request that she be declared a hostile witness, both procedural defaults. These defaults, however, were not brought to the attention of the trial court; the court ruled, on the merits, that the rape shield statute barred the attempted impeachment.
In Phillips v. State, 545 So.2d 221 (Ala.Cr.App.1989), this court held that “evidence of the complaining witness’s having brought false charges of sexual assault against others does not violate the rape shield statute.” 545 So.2d at 223 (emphasis added). Here, the defendant made an offer of proof, outside the presence of the jury, that the prosecutrix had engaged in a “scheme to extract money from men, including the defendant.” He offered, and the court refused to admit, the records of two other judicial proceedings to show the prior “accusations” made by the prosecu-trix. The trial judge’s response, “If there is something to do with any other sexual activity, true or not, of this young lady it would not be allowed,” indicated the court’s misinterpretation of the law as set out in Phillips, supra, (allowing the admission of prior untrue accusations). However, as in Phillips, here “the defendant’s offer of proof did not establish the falsity of the alleged prior charges.” 545 So.2d at 223.