Walter Loyd was convicted of sodomy in the first degree, in violation of Ala. Code 1975, § 13A-6-66. He was sentenced to 10 years in prison and was ordered to pay a fine and a victim's compensation assessment totalling $5,500. The Court of Criminal Appeals affirmed. See Loyd v. State, 580 So.2d 1370
(Ala.Cr.App. 1990). We reverse and remand with instructions.
The evidence presented by the State tended to show the following facts:
Susan Marie Loyd, Walter Loyd's 16-year-old daughter, had been living with her father and stepmother in her father's trailer in Rehobeth, Alabama. On January 10, 1988, Susan Loyd was sunbathing behind the trailer. Susan was lying in the sun in her bathing suit when Walter Loyd approached her and stated that he wanted to put baby oil on her. Susan protested, but he began rubbing her with the oil. He then held her down and ripped the back of her bathing suit and tore the bottom off. Susan continued to protest and attempted to free herself, but Walter climbed on top of her and pinned her to the ground. He then put his tongue into her vagina. Susan was eventually able to free herself and run into the trailer.
Walter Loyd was later indicted and charged with first degree sodomy. During *Page 1375 
his trial, he attempted to elicit testimony and to introduce evidence that Susan Loyd had, on prior occasions, falsely accused some men of sexual misconduct and had threatened others with like false accusations. The trial judge ruled that this evidence was inadmissible because it violated the rape shield statute.
On this certiorari review, Walter Loyd raises the issue of whether evidence of the victim's prior false allegations and threats of false allegations of sexual misconduct by persons other than the defendant may be introduced to show a "common plan, scheme, design or system" by the victim. Loyd argues that evidence of Susan Loyd's prior false charges and threats would show a common plan or scheme whereby she falsely accused and/or threatened charges of sexual misconduct to manipulate others. Loyd asks this Court to carve out an exception to the rape shield statute, Ala. Code 1975, § 12-21-203; to overturn Webb v.State, 455 So.2d 223 (Ala.Cr.App. 1984); and to allow this evidence to be admitted.
In our opinion, the evidence Loyd sought to introduce is admissible, not because it constitutes an exception to the rape shield statute, but, rather, because it falls outside the scope of that statute. That statute was not intended to prevent the admission of this kind of testimony. Alabama's rape shield statute, Ala. Code 1975, § 12-21-203, provides, in part:
 "(b) In any prosecution for criminal sexual conduct or for assault with intent to commit, attempt to commit or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness, as defined in subsection (a) of this section, shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or of other witnesses, except as otherwise provided in this section.
 "(c) In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in subsection (d) of this section, finds that such past sexual behavior directly involved the participation of the accused."
While this statute is intended to protect the victim and prevent the defendant from shifting the focus of the trial to the victim's past sexual conduct, the evidence that Loyd sought to introduce in this case did not inquire into the areas of protection that this statute provides. Loyd sought to introduce evidence of prior occasions when the complaining witness either falsely accused someone of sexual misconduct or threatened such an accusation. Loyd did not seek to introduce any evidence of the sexual behavior or past sexual conduct of the complaining witness, but, rather, sought to introduce evidence of the witness's behavior in either falsely accusing someone or threatening an accusation as part of a common plan designed to achieve her wishes. Such evidence of false accusations or charges of sexual misconduct by other persons or threats of false charges does not delve into the victim's past sexual behavior or conduct and, therefore, does not violate the rape shield statute and is admissible.
The Court of Criminal Appeals has had occasion to examine a similar situation. In Phillips v. State, 545 So.2d 221, 223
(Ala.Cr.App. 1989), that court adopted the following rule:
 "When it has been shown that the witness's prior charges were false, the fact of their having been made is admissible."
The Court of Criminal Appeals noted that the introduction of prior false charges did not "highlight the victim's past sexual conduct" but "exposes her corrupt state of mind." Id. InPhillips a nolle prosequi had been entered in an earlier case based on charges of sexual misconduct. The Court went on to hold that such an entry does not necessarily mean the prior charges were false; therefore, evidence of them could not be admitted. In the present case, however, the evidence that Loyd sought to introduce concerned a prior false allegation of sexual misconduct, as well as prior threats of such allegations. Unlike he witness in Phillips, the complaining witness here admitted to the falsity of the *Page 1376 
prior charges and to the threats. This evidence does not violate the rape shield statute and does not expose or relate to the victim's past sexual behavior or conduct. The evidence, instead, reveals her state of mind and her manipulative use of false charges and threats of sexual misconduct to achieve her desires.
The State argues that this evidence is inadmissible, not only because it violates the rape shield statute, but also because it reveals contents of confidential juvenile records and constitutes an attempt to impeach the victim based on her prior bad acts. The state is correct in its argument that Loyd may not introduce the contents of confidential juvenile records. However, our holding in this case is not intended to nor does it have the effect of permitting the defendant to introduce the contents of confidential records protected under other rules of evidence. We merely hold that evidence of a victim's prior threats and false allegations of sexual misconduct does not violate Alabama's rape shield statute and in that sense is admissible. While there may be other rules of evidence that a defendant must overcome in order to introduce this evidence, this opinion only addresses the question of whether this evidence violates the rape shield statute.
The state also argues that this evidence is inadmissible because it constitutes an attempt to impeach the victim based on her prior bad acts. We disagree. McElroy's Alabama Evidence
states the general rule that "a witness may not be cross-examined for impeachment as to specific acts of misconduct by him which have no relevancy except as tending to show that he is a person of bad character as a whole or with respect to truth and veracity." C. Gamble, McElroy's AlabamaEvidence, § 140.01(10) (3d ed. 1977). This general exclusion operates only to prevent impeaching the witness's character. In the present case, however, Loyd sought to cross-examine the victim on her prior bad acts, threats, and false allegations of sexual misconduct, which are relevant to the issue of whether Loyd committed the crime which he is accused or whether the victim was merely continuing her habit of making threats and false accusations to manipulate persons around her. This does not amount to an attempt to impeach the victim's character based on her prior bad acts and is, therefore, admissible.
For the reasons stated in this opinion, the conviction is reversed and the case is remanded for the Court of Criminal Appeals to order a new trial consistent this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., concurs in the result.