TAYLOR, Judge.
The appellant, Penny Peeples, was convicted of sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. He was sentenced to 20 years’ imprisonment. Section 13A-6-66, Code of Alabama 1975, provides, in pertinent part:
“(a) A person commits the crime of sexual abuse in the first degree if:
[[Image here]]
“(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.”
“Sexual contact” is defined as “[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party.” § 13A-6-60(3), Code of Alabama 1975.
In August 1991, J.S.[1] attended a cookout with some of her relatives at a trailer park in the Selmont community of Dallas County. At some point, J.S. and her younger sister went inside the appellant’s trailer, which was located next to the trailer where the cookout was being held. A resident of the park testified that she saw J.S. and her sister inside the appellant’s trailer and that J.S. was lying on a sofa while the appellant rubbed lotion on her legs.
*236 J.S., who was 9 years old at the time of the trial, testified that the appellant rubbed lotion on her legs and that he then removed her panties. She said that the appellant touched her “in [her] privacy.” Then, the appellant unzipped his pants and told J.S. to “touch his privacy.” J.S. told the appellant that she had to use the bathroom, but, instead, she left the trailer and told her grandmother what had happened.
The appellant contends that the court erred in not allowing evidence of J.S.’s inconsistent statements concerning another instance of sexual abuse allegedly committed by J.S.’s stepbrother, J.R., who, like J.S., was less than 12 years old. This instance of abuse was never proved or disproved. The appellant’s purpose for offering evidence concerning this other instance of sexual abuse was to impeach J.S. by showing that she had made inconsistent statements about what her stepbrother had allegedly done to her.
We have held that “when it has been shown that the witness’s prior charges were false, the fact of their having been made is admissible.” Phillips v. State, 545 So.2d 221, 223 (Ala.Cr.App.1989); see also Ex parte Loyd, 580 So.2d 1374 (Ala.1991). Here, however, it is not the falsity of J.S.’s charge that her stepbrother abused her that is at issue. What is at issue is that J.S. gave conflicting accounts of whether her stepbrother had sexually abused her. The appellant contends that the J.S.’s conflicting statements bear upon her credibility in that they show that she has lied about sexual abuse in the past— either she lied in saying that her stepbrother did abuse her, or she lied in saying that he did not abuse her.
‘“The courts have been quite liberal, and properly so, in allowing the admission of evidence of the prior acts of the defendant toward the prosecutrix_ Equally relevant, and for the same reasons, is evidence that the prosecutrix has in the past lied about the type of acts charged to defendant.’ People v. Hurlburt, 166 Cal.App.2d 334, 333 P.2d [82] at 87-88 [ (1958) ] (emphasis in original) (citations omitted).”
Phillips, 545 So.2d at 223.
The appellant’s offer of proof to the court of what he expected the evidence of J.S.’s statements to show was based in large part on the reports of a social worker. From the reports it appeared that initially J.S. mentioned at school that a boy had been bothering her at home but she then denied acts of sexual abuse when her charges were investigated. Although the reports were not conclusive, they indicated that her stepbrother had sexually abused her.
It was not necessary that the appellant show that J.S.’s accusations that her stepbrother had sexually abused her were false. It made no difference whether the accusations were true or false. What was at issue was J.S.’s credibility. The conflicting statements were offered to show that J.S. had, in some way, lied about another instance of sexual abuse.
The circuit court erred in granting the state’s motion in limine to exclude evidence of J.S.’s statements concerning the alleged sexual abuse by her stepbrother.
For the foregoing reasons, the appellant’s conviction is due to be reversed and the cause remanded to the Circuit Court for Dallas County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur except MONTIEL, J., dissents without opinion.

. The anonymity of the prosecutrix is preserved pursuant to Rule 52, A.R.App.P.