On Application for Rehearing

COOK, Justice.
The opinion of February 3, 1995, is withdrawn and the following is substituted therefor.
We granted the State’s petition for certio-rari review of a judgment of the Court of Criminal Appeals reversing Penny Peeples’s criminal conviction. We affirm.
Peeples was tried and convicted for a violation of Ala.Code 1975, § 13A-6-66, that is, the first-degree sexual abuse of a female under the age of 12 years. During an in limine hearing, the State sought to prevent Peeples from asking J.S., the alleged victim, any questions regarding a sexual-abuse allegation she had made against another individual. In response, Peeples made an offer of proof suggesting the following facts:
At a time before the trial of this case, J.S. had alleged that J.R., her stepbrother — in an incident unrelated to the one forming the basis of Peeples’s prosecution — had “pulled her panties down and ... tr[ied] to have sex with her.” This allegation was reported, apparently, by J.S.’s school counselor to the Alabama Department of Human Resources (“DHR”). J.R. denied the allegation, and, more significantly, J.S., during an investigation begun by DHR, recanted the allegation against J.R. in an interview with a representative of DHR. Specifically, J.S., in her interview with the DHR representative, stated that “no one had bothered [her] but Mr. Peeples,” and denied that “a boy was coming into the home pulling down [her] panties and trying to have sex with [her].” The trial court sustained the State’s objection to this evidence.
Citing Ex parte Loyd, 580 So.2d 1374 (Ala.1991), and Phillips v. State, 545 So.2d 221 (Ala.Crim.App.1989), the Court of Criminal Appeals reversed Peeples’s conviction, concluding that the “court erred in granting the state’s motion ... to exclude evidence of J.S.’s statements concerning the alleged sexual abuse by her stepbrother.” Peeples v. State, 681 So.2d 235 (Ala.Crim.App.1994). We granted certiorari review to consider whether the facts of this ease differ in any material respect from those in Loyd, and, consequently, whether the judgment is, as the State contends, inconsistent with Loyd.
Loyd held that in the trial of a defendant accused of sexual abuse “evidence of the victim’s prior false allegations and threats of false allegations of sexual misconduct by persons other than the defendant may be introduced to show a ‘common plan, scheme, de *238 sign or system’ by the victim.” Loyd, 580 So.2d at 1375. At the trial of Walter Loyd on the charge of first-degree sexual abuse, Loyd sought to offer evidence that the alleged victim had — by her own admission— “on prior occasions, falsely accused some men of sexual misconduct and had threatened others with like false accusations.” Id. (emphasis added). The State attempted to exclude the evidence, insisting that its introduction would, among other things, represent “an attempt to impeach the victim based on her prior bad acts.” Id. at 1376 (emphasis added).
The trial court excluded the evidence, and the defendant was convicted. The Court of Criminal Appeals affirmed. On certiorari review this Court, rejecting the arguments advanced by the State for excluding the evidence, reversed Loyd’s conviction. It explained:
“McElroy’s Alabama Evidence states the general rule that ‘a witness may not be cross-examined for impeachment as to specific acts of misconduct by him which have no relevancy except as tending to show that he is a person of bad character as a whole or with respect to truth and veracity.’ C. Gamble, McElroy’s Alabama Evidence, § 140.01(10) (3d ed. 1977). This general exclusion operates only to prevent impeaching the witness’s character. In the present case, however, Loyd sought to cross-examine the victim on her prior bad acts, threats, and false allegations of sexual misconduct, which are relevant to the issue of whether Loyd committed the crime [of] which he is accused or whether the victim was merely continuing her habit of making threats and false accusations to manipulate persons around her. This does not amount to an attempt to impeach the victim’s character based on her prior bad acts and is, therefore, admissible.”
580 So.2d at 1376 (emphasis added).
The historical background of this rule and the rationale for it were thoroughly discussed in Phillips v. State, 545 So.2d 221 (Ala.Crim.App.1989) (concluding that the defendant may introduce evidence that the victim had accused other persons of sexual abuse, subject to a showing that the allegations were false; but that the mere showing that a nolle prosqui had been entered as to the collateral allegations did not establish falsity). More specifically, the Court of Criminal Appeals stated:
“Wigmore concludes that ‘conduct indicating a disposition or habit or general scheme to make false charges or claims ’ should be admissible because it ‘may indicate a state of mind which partakes of the nature of corruption and of bias.’ 3A Wig-more on Evidence § 963 at 808 (Chadbourn rev. 1970) (emphasis in original). ‘There ought to be no doubt that such facts [indicating a specific corrupt intention for the ease in hand] could be freely inquired into, ... and even the character-rule does not forbid them on cross-examination.’ Id. at 810.”
545 So.2d at 222. See also W. Schroeder, Evidentiary Use in Criminal Cases of Collateral Crimes and Acts: A Comparison of the Federal Rules and Alabama Law, 35 Ala.L.Rev. 241, 269 (1984) (“The defendant may also admit evidence that the victim had falsely accused others in the past”).
As articulated in Loyd and Phillips, demonstrated falsity is the sine qua non of admissibility of this species of evidence.[1] The State attempts to distinguish the facts of this case from those in Loyd, arguing that *239 “the defense made no showing that [J.S.’s] allegations against [her] stepbrother were false.” Brief in Support of Petition for Writ of Certiorari, at 8. We disagree with the State’s characterization of J.S.’s testimony.
J.S.’s statements to the DHR representative that “no one had bothered [her] but Mr. Peeples,” and that no “boy was coming into the home pulling down [her] panties and trying to have sex with her,” expressly refute her earlier allegation, namely, that her stepbrother had “pulled her panties down and ... tr[ied] to have sex with her.” These statements were, in fact, mutually exclusive. In other words, given that J.S. had made allegations of sexual abuse, the denials communicated to the DHR representative were tantamount to admissions that the allegation of sexual abuse was false. J.S.’s denials of the allegation against her stepbrother bring this case, therefore, squarely within the operation of the rule articulated in Ex parte Loyd, 580 So.2d 1374 (Ala.1991).
Because the allegation against J.R. was demonstrably false, the trial court erred in excluding reference to it in Peeples’s trial. The judgment of the Court of Criminal Appeals so holding was consistent with Ex parte Loyd. For these reasons, that judgment is affirmed.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; JUDGMENT AFFIRMED.
ALMON, SHORES, HOUSTON, . KENNEDY, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX and INGRAM, JJ., dissent.

. In this connection, the Loyd rule is not to be confused with the rule governing the admissibility of prior inconsistent statements, which rule may be summarized as follows:
“It is generally agreed that, when a witness is called to testify to a material issue in the case, the party against whom the 'witness is called may impeach his credibility by proving that he has previously made statements that are inconsistent with his present testimony. These prior statements of self-contradiction can be introduced either through the cross-examination of the witness or ... by introducing other witnesses who will testify to the inconsistent statement.”
C. Gamble, McElroy’s Alabama Evidence, § 155.0(1) (4th ed. 1991) (emphasis added).
This rule is not involved here. The dispute arose out of a motion in limine, that is, before J.S. testified. As a consequence of the trial court’s ruling, which prevented any inquiry into the collateral allegation, it cannot be contended that her trial testimony was inconsistent with any prior statement.