MADDOX, Justice
(dissenting).
I wrote the majority opinion on original deliverance; therefore, I must respectfully dissent from this Court’s decision to grant the defendant’s application for rehearing, to withdraw that opinion, and to reach a different conclusion.
At issue here is whether a defendant in a rape or sexual abuse case involving a child may introduce into evidence the fact that the child prosecutrix had made inconsistent statements regarding another alleged instance of sexual abuse by a third party, on the grounds that the inconsistency of these statements regarding third parties will shed some light on the prosecutrix’s overall credibility and propensity to tell the truth.
The trial court refused to admit the statements about the third party. The Court of Criminal Appeals, in Peeples v. State, 681 So.2d 235 (Ala.Crim.App.1994), reversed the defendant’s conviction and remanded, stating, “It is not necessary that [Peeples] show J.S.’s accusations that her stepbrother had sexually abused her were false. It made no difference whether the accusations were true or false. What was at issue was J.S.’s credibility. The conflicting statements were offered to show that J.S. had, in some way, lied about another instance of sexual abuse.” 681 So.2d at 236.
I believe that this Court’s affirmance of the judgment of the Court of Criminal Appeals, which allowed the statements to be admitted without regard to their truthfulness or falsity, contravenes current Alabama law and will needlessly cloud the issues at trial in future rape and sexual abuse cases.
At the heart of this case are the two statements made by the 9-year-old prosecutrix, J.S., regarding an allegation of sexual abuse by her 12-year-old stepbrother. During an interview with a Department of Human Resources worker, J.S. told the worker that no one had bothered her and her sister except for the defendant, and she denied that at the time of that interview a boy was coming into her home and trying to pull her panties down and have sex with her. The DHR worker later talked with J.S.’s school counselor, who stated that J.S. had told her that her stepbrother, J.R., had tried to have sex with her at home, and that J.S. had not mentioned Peeples. In a subsequent interview, J.S. told the DHR worker that her stepbrother had once pulled her panties down and tried to have sex with her with his finger. She stated that this had happened a long time before, and said that he was not bothering her at the time of the interview. The stepbrother denied the allegations. The school counselor thought that J.S. might be making up the allegations about the stepbrother, but J.S.’s father stated that he felt *240 there might be something to J.S.’s story and that he would keep a closer eye on the children. The DHR worker was unable to conclusively prove or disprove the incident, or when it might have taken place, but noted in her report that there was “reason to suspect.”
The end result of these interviews, after everything else has been stripped away, is that we have two statements, made by the prosecutrix, which on their faces seem inconsistent: a statement by the prosecutrix in one interview that Peeples was the only person who had bothered her, and a statement made in two other interviews indicating that her stepbrother had once tried to abuse her.
It appears to me that this Court and the Court of Criminal Appeals do not address the fact that it is very likely that J.S.’s two statements were not inconsistent. When J.S. initially told the social worker that no one had bothered her except Peeples (a grown man), she also stated at that time that at present no boy was coming into her home and trying to pull her panties down and have sex with her — which is the abusive act that she had previously described to a school counselor that had involved her stepbrother. It seems evident that in the initial interview J.S. could very well have been referring to two different instances of abuse.
Thus, it is entirely possible that J.S., who was nine years old at the time of the interview, could have answered the social worker’s initial questions under one of two different assumptions: either that what Peeples had done to her recently was different from what her stepbrother had done long before, and thus at the present time no one else was bothering her in the same way that Peeples had, or that the stepbrother’s abuse had happened long before and that at the present time the only person abusing her at all was Peeples. It is also significant to note that when the social worker asked about the stepbrother in a follow-up interview, J.S. did not deny that the stepbrother had abused her; she explained what had happened and then stated that it had happened a long time before, and that her stepbrother was not bothering her then. Thus, it is entirely possible that J.S.’s statements were in fact consistent. For the Court of Criminal Appeals and this Court to treat this nine-year-old child witness as if she were an adult and to apply the same rules of law to her as would be applied to an adult is wrong, but even assuming that J.S.’s statements were inconsistent, and assuming further that they directly contradict one another, there is still a problem with the holding of the majority.
Even assuming that both statements made by the child could not be true, that does not completely resolve the problem; there is no way to tell in this ease which statement was true and which was false. The majority states that this is the very reason to admit the statements, but I must disagree with that. The law in Alabama, which this decision will overrule, is clearly that a prosecutrix’s prior charges of sexual misconduct are relevant and may be introduced to impugn her credibility only if they have been conclusively proven to be false. See Phillips v. State, 545 So.2d 221, 223 (Ala.Crim.App.1989), and Ex Parte Loyd, 580 So.2d 1374 (Ala.1991). The holding by the majority will also, by implication, overrule, or throw into uncertainty, the general rule that a prosecutrix in a rape case may not be questioned about reports of rape against persons other than the defendant. Hollis v. State, 380 So.2d 409, 411 (Ala.Crim.App.1980); Webb v. State, 455 So.2d 223, 224 (Ala.Crim.App.1984).
The reasoning of the majority is as follows: In this case we have two inconsistent statements, one tending to suggest that J.S.’s stepbrother abused her, and the other — by implication, because J.S. never actually denied accusing her stepbrother — tending to suggest that he did not. This emphasis on the inconsistency alone, without regard to which of the statements is true, can lend itself to much abuse. First, as shown above, it is possible that the prior statements are not actually inconsistent. Additionally, the holding’s sole emphasis on inconsistency does not take into account the fact that there can be degrees of inconsistency.
The holding by the Court could have serious ramifications. Many victims of sexual abuse or rape are very young, and victims are traumatized by their ordeal; they may *241 not possess the ability to articulate their stories in a clear and concise narrative, and sometimes their accounts of what happened can give rise to inconsistencies.
It appears to me that the holding also fails to take into account that sexual abuse victims may initially deny that the abuse occurred, or even retract their statements under pressure from family members if the abuser is a relative.
What if, for example, a rape or sexual abuse prosecutrix has had another instance of abuse in her past, by some third party, and initially denied, on that earlier occasion, that she was being abused, but, when questioned further and confronted with physical evidence, admitted that she was, in fact, being abused? It is true, under the reasoning of the majority, that these statements are inconsistent; either the prosecutrix was abused or she was not, and not both; therefore, the statements regarding the third-party incident should be admissible in the later case, on the grounds that the prosecutrix was lying about the past incident, and this admission would shed some light on the prosecutrix’s ability to tell the truth. But should this initial denial be admitted as conclusive evidence that the prosecutrix lied about the entire prior incident without regard to whether the incident actually took place? Should it be admissible in terms of questioning the prosecutrix’s credibility and equated with the statements of another prosecutrix, who freely admits that she made false charges against others in regard to a third-party incident in order to manipulate that third party? Under the rationale of the majority, the answer to both questions apparently would be in the affirmative.
The law in Alabama is clear: Proof of bad acts by defendants and witnesses, which do not have a direct bearing on the issues in the case, has no place in a criminal trial. A criminal defendant’s uncharged bad acts may not be put into evidence for the mere purpose of showing a propensity to commit a crime or to commit a particular kind of crime. Such conduct may be shown only if it is relevant to the instant charge, i.e., if such conduct is part of the res gestae or tends to prove a relevant fact. The same is true of witnesses; specific misconduct by witnesses may not be proven, unless it is relevant to the issues of the case, e.g., showing bias against a party. See C. Gamble, McElroy’s Alabama Evidence, § 69.01 and § 140.0(8)-(10) (4th ed. 1991).
More specifically, a prosecutrix in a rape case may not be questioned about reports of rape made against other persons other than the defendant. Hollis v. State, 380 So.2d 409, 411 (Ala.Crim.App.1980); Webb v. State, 455 So.2d 223, 224 (Ala.Crim.App.1984).
A similar rule provides that false reports against third persons by a witness may be proven, in the sound discretion of the trial judge, only if the trial judge determines in a hearing out of the presence of the jury that the false reports against the others are sufficiently similar in pattern to the report or testimony in the instant case to justify presenting evidence of them to the jury. Fuller v. State, 269 Ala. 312, 337-39, 113 So.2d 153, 175-77 (1959), cert. denied, 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960).
In today’s opinion, the majority has incorrectly extended the holding of Phillips v. State, 545 So.2d 221 (Ala.Crim.App.1989).[2]
In Ex Parte Loyd, 580 So.2d 1374 (Ala.1991), this Court cited the Phillips rule and held that in a rape case prior false charges against third parties were also admissible to show a common scheme, plan, design, or system by the prosecutrix. This Court reversed the Loyd defendant’s conviction for *242 sodomy, and remanded, noting that the prior charges that the defendant wanted to introduce had been conclusively proved to be false, by the victim’s own admission.
The rule under Phillips and Loyd is fundamentally sound, because it provides a balance between the rights of a prosecutrix in a rape or sexual abuse case and the rights of a defendant. If the prior charges against a third party have been shown to be false, the defendant should rightly be able to introduce evidence of them, to shed some light on the credibility and veracity of the prosecutrix; if the charges cannot be conclusively proven false, then the prosecutrix should be protected from the ordeal of discussing and defending her statements about another instance of abuse that is not relevant to the instant ease.
The majority opinion here effectively destroys this balance, and the end result of its holding is that the persons most in need of the protection of the Phillips and Loyd rule — those unfortunate children or other persons who have been raped or abused on more than one occasion or by more than one person — will now have every sentence of their past stories combed for inconsistencies in order that they may be attacked at trial on the basis of their prior statements, regardless of whether the past incidents and statements were proven to be truthful or false. This emphasis on any inconsistency will give a defendant a powerful weapon to attack or destroy the prosecutrix’s credibility, without any need for proving the truthfulness or the relevance of the past charges.
Peeples argues that the current rule under Phillips and Loyd requires him, in effect, to try two eases at once in regard to the victim’s truthfulness. The majority’s ruling in this case incorrectly relieves the defendant of this “burden.” A defendant now may merely allege a past inconsistency regarding a statement about a third party, in order to attack a prosecutrix’s credibility, without proof of truthfulness. The purpose of rules of evidence is to ensure that only evidence that tends to be truthful is admitted; this holding serves to weaken those rules with its indifference to the truthfulness of the allegations about a third party. Furthermore, it weakens the trial judge’s discretion to exclude such evidence. Where will this ruling take us?
The position I take, I believe, has support from other jurisdictions. In People v. Hurlburt, 166 Cal.App.2d 334, 343, 333 P.2d 82, 88 (Dist.Ct.App.1958):
“In stating that the courts should be liberal in this field, a word of warning is called for. Because of the fear that a grave injustice to the defendant may occur, the courts should not forget the rights of the People. There are men who do commit the sort of acts here involved. Such men are a danger to society, and should be kept out of circulation. The State has a duty and a real interest in protecting its young people from such detestable and criminal behavior. The courts should protect this interest. While it frequently has been recognized that charges of this type are easy to make and hard to disprove, it should also be noted that charges that the child prosecutrix has lied about such matters in the past can also easily be made. The courts should be vigilant in seeing to it that the privilege of cross-examination here approved should not be abused.”
Because I must agree with the State that the defendant has not made the showing required by Loyd and Phillips — that J.S.’s statements regarding her stepbrother were false — and because I believe the statements were properly excluded and because I believe that the trial judge did not abuse his discretion in excluding the statements, I must respectfully dissent.
HOOPER, C.J., and INGRAM, J., concur.

. In Phillips, the defendant was convicted of rape, and argued that the trial court erred by not allowing him to introduce evidence that the child victim had brought prior unfounded charges of rape against three other persons. The defendant contended that he offered the evidence to show the victim’s lack of credibility, not to show a lack of chastity. 545 So.2d at 222. The Court of Criminal Appeals held that admitting evidence that the complaining witness had brought prior false charges of sexual assault against others did not violate the rape shield statute and did not highlight the victim's past sexual conduct; instead, it exposed a corrupt state of mind. Id. at 223. The court held that when it has been shown that the charges are false, the fact that they were made is admissible. In Phillips, the Court of Criminal Appeals ruled that the fact that the prior charges had been nol-prossed did not demonstrate conclusively that the charges were false, and thus they were properly excluded.