TAYLOR, Presiding Judge.
The petitioner, Willie Bruce Myers, filed this petition for a writ of mandamus directing the Honorable Jack W. Meigs, circuit judge for the Fourth Judicial Circuit to grant his request for access to records of the Department of Human Resources (DHR), in particular, those records relating to prior allegations of sexual abuse by persons other than the petitioner made by the complaining victims. The petitioner was charged with sexually abusing two minors, 7-year-old A.W., and 10-year-old E.W. The petitioner filed a motion to discover any exculpatory information, specifically any allegations of prior accusations of sexual abuse by persons other than the petitioner made to DHR by the victims. The trial court held a hearing on the motion, reviewed the requested documents in camera, and held that the documents were protected by § 26-14-8 and by the rape shield statute, § 12-21-203. The petitioner then filed this petition for a writ of mandamus asking this court to order the lower court to allow him access to the DHR files.
A petition for a writ of mandamus is the appropriate method by which to challenge a trial court’s ruling on a discovery motion. A similar issue was addressed by way of a petition for a writ of mandamus in Ex parte Riggs, 423 So.2d 202 (Ala.1982). In that case, the petitioner, who had been accused of assault, sought access to confidential records. The Alabama Supreme Court issued the writ.
*550 The issue presented by this ease was addressed in depth by this court in Russell v. State, 533 So.2d 725 (Ala.Cr.App.1988) in which we stated:
“Alabama Code 1975, § 26-14-8, provides, in part:
“ ‘(a) The state department of human resources shall establish a statewide central registry for reports of child abuse and neglect made pursuant to this chapter [reporting of child abuse or neglect]....
“ ‘(b) ... The use of such reports and records shall be limited to the purposes for which they are furnished and by the provisions of law under which they may be furnished. The reports and records of child abuse and neglect shall be confidential, and shall not be used or disclosed for any purposes other than:
[[Image here]]
“‘(4) For use by a court where it finds that such information is necessary for the determination of an issue before the court;
[[Image here]]
“ ‘(c) Any violation of this provision of confidentiality shall be a misdemeanor and punishable accordingly.’
“Although the statute lists eight exceptions to confidentiality, exception number (4) is the only one conceivably applicable to this case.
“A similar issue was addressed by the Supreme Court of the United States in Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). We find that case controlling.
“Ritchie was charged with rape and other sexual offenses against a thirteen-year-old victim. He was not allowed to review or discover any of the files on the victim compiled by the state Children and Youth Services (CYS), a protective service agency charged with investigating cases of suspected mistreatment and neglect. By state law, those reports were confidential.
[[Image here]]
“Like Alabama’s § 26-14-8, the Pennsylvania statute did not grant absolute confidentiality but provided for disclosure in certain circumstances. Therefore, Ritchie was entitled to the disclosure of information material to his defense.
“ ‘In the absence of any apparent state policy to the contrary, we therefore have no reason to believe that relevant information would not be disclosed when a court of competent jurisdiction determines that the information is “material” to the defense of the accused.
[[Image here]]
“ ‘... Ritchie is entitled to have the CYS file reviewed by the trial court to determine whether it contains information that probably would have changed the outcome of his trial’ Ritchie, 480 U.S. at 58, 107 S.Ct. at 1002.
“Additionally, the Supreme Court held that Ritchie had no right to full disclosure or inspection of the confidential files and records of the child abuse agency.
“ ‘A defendant’s right to discover exculpatory evidence does not include the unsupervised authority to search through the Commonwealth’s files. See United States v. Bagley, 473 U.S. [667], at 675, 105 S.Ct. [3375], at [3379] [87 L.Ed.2d 481 (1985) ]; United States v. Agurs, supra, 427 U.S. 97, at 111, 96 S.Ct. [2392], at 2401 [49 L.Ed.2d 342 (1976) ]. Although the eye of an advocate may be helpful to a defendant in ferreting out information, Dennis v. United States, 384 U.S. 855, 875, 86 S.Ct. 1840, 1851, 16 L.Ed.2d 973 (1966), this Court has never held — even in the absence of a statute restricting disclosure — that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for exculpatory material under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 [10 L.Ed.2d 215 (1963) ], it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court’s attention, the prosecutor’s decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the State’s *551 files to argue relevance. See Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977) (“There is no general constitutional right to discovery in a criminal case, and Brady did not create one”).
“ ‘We find that Ritchie’s interest (as well as that of the Commonwealth) in ensuring a fair trial can be protected fully by requiring that the CYS files be submitted only to the trial court for in camera review. Although this rule denies Ritchie the benefits of an “advocate’s eye,” we note that the trial court’s discretion is not unbounded. If a defendant is aware of specific information contained in the file (e.g., the medical report), he is free to request it directly from the court, and argue in favor of its materiality. Moreover, the duty to disclose is ongoing; information that may be deemed immaterial upon original examination may become important as the proceedings progress, and the court would be obligated to release information material to the fairness of the trial.
“ ‘... The Commonwealth’s purpose [in protecting its child abuse information and in uncovering and treating child abuse] would be frustrated if this confidential material had to be disclosed upon demand to a defendant charged with criminal child abuse, simply because a trial court may not recognize exculpatory evidence. Neither precedent nor common sense requires such a result.’ Ritchie, 480 U.S. at 61-64, 107 S.Ct. at 1003-04 (footnote omitted [in Russell’]).
“On authority of Ritchie, supra, we hold that Russell was not entitled to examine the complete file of the [DHR] concerning the victim. Here, the trial judge examined the entire file and provided Russell with the material which was ‘conceivably exculpatory.’ This satisfied the requirement that the defendant be allowed access to information material to his defense. Ritchie, 480 U.S. at 58-60, 107 S.Ct. at 1002. This same procedure was approved and ordered in Ex parte Riggs, 423 So.2d 202, 203 (Ala.1982) (in mandamus proceeding, parent in damage suit against teacher sought to have trial judge required to permit her to discover records of Department of Pensions and Security concerning investigation of teacher’s alleged assault on parent’s child).”
533 So.2d at 726-28.
In this ease the court did review the documents and stated the following in its order denying the petitioner’s motion:
“At issue in these motions are records of alleged abuse on the victim in this case by other perpetrators. Having reviewed those records the Court finds that they are not discoverable under Alabama Code Section 26-14-8 and are further protected by Alabama ‘Rape Shield’ Statute. Accordingly, the Court grants the State of Alabama’s motion in limine and denies the Defendant’s motion to produce.”
Although under Russell the complete records are not discoverable, portions of the records that contain “conceivably exculpatory” information are discoverable. The Alabama Supreme Court in Ex parte Loyd, 580 So.2d 1374 (Ala.1991), held that evidence of prior false allegations of sexual misconduct by persons other than the accused is admissible “because it falls outside the scope of that statute” and because it shows the “corrupt state of mind” of the victim. 580 So.2d at 1375. The Alabama Supreme Court recently in Peeples v. State [Ms. 1930966, December 1, 1995], -So.2d- (Ala.1995), stated:
“The historical background of this rule and the rationale for it were thoroughly discussed in Phillips v. State, 545 So.2d 221 (Ala.Crim.App.1989) (concluding that the defendant may introduce evidence that the victim had accused other persons of sexual abuse, subject to a showing that the allegations were false ...).”
The court’s reasons for denying the motion were erroneous. We are granting the petition. We direct the Circuit Court for Bibb County to conduct another in camera inspection of the records and to disclose to the petitioner any evidence that could be “conceivably exculpatory” or used for impeach *552 ment purposes, including any evidence of prior reports of sexual abuse. Peeples.
PETITION GRANTED.
AH the Judges concur.