COBB, Judge,
dissenting.
John Randall Sides was convicted of first-degree sexual assault, a violation of § 13A-6-66, Ala.Code 1975, for abusing his six-year-old niece. At trial, Sides attempted to present the testimony of his sister, Tammy McGrady, to show that the child had made previous false allegations of sexual abuse. The prosecutor argued that the testimony was hearsay and moved to exclude it; the trial court granted the motion. On appeal, Sides argued that the trial court erred to reversal and that he should have been permitted to present testimony concerning the child’s prior false allegation because it called into question her credibility in this case. In its unpublished memorandum, the majority states, “It would appear that the trial court should have allowed McGrady to testify as to this matter.” The Court then states that, because the child’s prior statement had not been “conclusively proven to be false,” it was unclear whether McGrady’s testimony would have been admissible. Finally, the majority determined that “evidence concerning this incident was already before the jury as a result of questions propounded on direct and cross-examination to [the child], her mother, and her stepfather.” I disagree with the majority’s interpretation of the record and with its interpretation of some of the relevant caselaw. The trial court erred to reversal when it prohibited McGrady from testifying about the child’s prior false allegation. The child herself retracted the claim, so I see no basis for the majority’s assertion that the previous claim “had not been conclusively proven to be false.” Furthermore, the record belies the majority’s assertion that jury had heard other evidence concerning this incident and that McGra-dy’s testimony would have been cumulative.
McGrady testified as follows during voir dire examination:
“A. [McGrady] She sat down in a chair next to me. I asked her how she was liking school. She said good. I asked her how mom and Matt [her stepfather] were doing. She didn’t answer me. She said Matt pinched her booby and put his finger in her butt.
“Q. [Prosecutor] And was that a surprising allegation?
“A. Not really. She’s made statements of that nature in the past before.
“Q. Who did you report this to?
“A. Nobody.
“Q. Why not?
*688 “A. Because I didn’t believe her. I told her, I said, [H.E.], you know that is not true. She said, I know and took off to go play.”
(R. 150-51.) The trial court precluded this testimony.
The majority correctly notes that Alabama law provides that a prosecutrix’s pri- or false allegation of sexual misconduct is relevant and may be introduced to challenge her credibility. The Alabama Supreme Court in Ex parte Loyd, 580 So.2d 1374, 1375 (Ala.1991), held that evidence of prior false allegations of sexual misconduct by persons other than the defendant is admissible because it shows the victim’s “ ‘corrupt state of mind.’ ” (Quoting Phillips v. State, 545 So.2d 221, 223 (Ala.Crim.App.1989).) I disagree with the majority’s assertion that the evidence concerning this incident was already before the jury as a result of questions propounded to the victim, her mother, and her stepfather. The record reflects that the child repeatedly denied making any allegations to McGrady that her stepfather had abused her. (R. 31.) The child’s mother testified that the child had made no allegation that her stepfather had touched her inappropriately. (R. 56.) The child’s stepfather testified that he had never touched the child inappropriately. (R. 103.) None of the witnesses testified that the child had made false allegations of sexual abuse; only McGrady would have testified that the child had made an allegation of sexual abuse and then recanted it. Thus, I disagree with the majority’s assertion that McGrady’s testimony would have been cumulative. The trial court erred when it precluded that testimony.
The majority argues that it is unclear whether McGrady’s testimony about the child’s false allegation would have been admissible pursuant to relevant legal authority because the allegation “had not been conclusively proven false.” I do not believe that the relevant caselaw requires that the allegation be conclusively proven false before it is admissible.
In Peeples v. State, 681 So.2d 236 (Ala.1995)(opinion on application for rehearing), the Alabama Supreme Court discussed Ex parte Loyd, 580 So.2d 1374 (Ala.1991), and Phillips v. State, 545 So.2d 221 (Ala.Crim.App.1989), which the majority cites in its unpublished memorandum. In Peeples v. State, the appellant had been convicted of first-degree sexual abuse of a female under the age of 12 years, J.S. The trial court prevented Peeples from asking J.S. questions about a previous sexual-abuse allegation she had made against her stepbrother. During an investigation by the Department of Human Resources (“DHR”), J.S. recanted the allegation she had made against her stepbrother. The trial court excluded that evidence, and Peeples was convicted. This Court reversed the conviction, concluding that the trial court had erred in excluding evidence of J.S.’s statements regarding the allegation of abuse by her stepbrother. Peeples v. State, 681 So.2d 235 (Ala.Crim.App.1994). The Alabama Supreme Court affirmed and stated:
“As articulated in Loyd and Phillips, demonstrated falsity is the sine qua non of admissibility of this species of evidence. The State attempts to distinguish the facts of this case from those in Loyd, arguing that ‘the defense made no showing that [J.S.’s] allegations against [her] stepbrother were false.’ Brief in Support of Petition for Writ of Certiora-ri, at 8. We disagree with the State’s characterization of J.S.’s testimony.
“J.S.’s statements to the DHR representative that ‘no one had bothered [her] but Mr. Peeples,’ and that no ‘boy was coming into the home pulling down [her] panties and trying to have sex with her,’ *689 expressly refute her earlier allegation, namely, that her stepbrother had ‘pulled her panties down and ... tr[ied] to have sex with her.’ These statements were, in fact, mutually exclusive. In other words, given that J.S. had made allegations of sexual abuse, the denials communicated to the DHR representative were tantamount to admissions that the allegation of sexual abuse was false. J.S.’s denials of the allegation against her stepbrother bring this case, therefore, squarely within the operation of the rule articulated in Ex parte Loyd, 580 So.2d 1374 (Ala.1991).
“Because the allegation against [the stepbrother] was demonstrably false, the trial court erred in excluding reference to it in Peeples’s trial.”
681 So.2d at 238-39 (footnote omitted).
The facts in this case are virtually identical to those in Peeples. McGrady would have testified that the child had made an allegation of sexual abuse against her stepfather and that she had then repudiated the allegation. This is, as in Peeples, tantamount to an admission that the previous allegation that she had been sexually abused by her stepfather was false. Pursuant to Peeples v. State, the trial court erred when it excluded McGrady’s testimony. Testimony about a prior false allegation of sexual abuse was relevant to the issue whether Sides committed the crime or whether the child was making another false allegation of sexual abuse.
To the extent the majority asserts that the child’s prior allegation might not have been admissible because it was not “conclusively proven to be false,” I disagree. The caselaw does not require “conclusive proof,” and I believe that, in most cases involving false prior allegations, it would be difficult or impossible to have conclusive proof. That conclusive proof is not required is reflected by Justice Maddox’s dissenting opinion in Peeples, in which Justice Maddox stated: “The law in Alabama, which this decision will overrule, is clearly that a prosecutrix’s prior charges of sexual misconduct are relevant and may be introduced to impugn her credibility only if they have been conclusively proven to be false. See Phillips v. State, 545 So.2d 221, 223 (Ala.Crim.App.1989), and Ex parte Loyd, 580 So.2d 1374 (Ala.1991).” Peeples v. State, 681 So.2d at 240 (Maddox, J., dissentingXemphasis on “only” in original; other emphasis added). Justice Maddox also stated in his dissent: “A defendant now may merely allege a past inconsistency regarding a statement about a third party, in order to attack a prosecutrix’s credibility, without proof of truthfulness.” 681 So.2d at 242. The majority’s assertion that McGrady’s testimony might not have been admissible because it had not been conclusively proven false is not supported by current Alabama law.
For all of the foregoing reasons, I disagree with the majority’s determination that the trial court correctly precluded McGrady’s testimony about the child’s pri- or false allegation of sexual abuse. The testimony should have been admitted, and its preclusion was not harmless error. Sides’s conviction should be reversed, and the case should be remanded for a new trial. Therefore, I dissent.